Anthony SOUZA et al., Plaintiffs, Appellees,

v.

Bradford SOUTHWORTH et al., Defendants, Appellants.

No. 77–1245.

United States Court of Appeals, First Circuit.

Argued Sept. 8, 1977.
Decided Nov. 1, 1977.

Harold E. Krause, Jr., Sp. Asst. Atty. Gen., with whom Julius C. Michaelson, Atty. Gen., Providence, R. I., was on brief, for defendants, appellants.

Ralph J. Gonnella, Providence, R. I., with whom Hodosh, Spinella, Hodosh & Angelone, Providence, R. I., was on brief, for plaintiffs, appellees.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, WOLLENBERG, District Judge.*

LEVIN H. CAMPBELL, Circuit Judge.

The prolonged path of this litigation began in the summer of 1973, when Rhode Island prison authorities attempted to evict the Inmate Legal Assistance Program from the state's Adult Correctional Institutions. The district court ordered the state to reinstate the program. *Souza v. Travisono,* 368 F.Supp. 959 (D.R.I. 1973). The subsequent Supreme Court decision in *Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), mandated affirmance of a portion of this order, and we remanded the balance of the case to the district court for a determination of whether the prisoners had a constitutional right to counselling by law students for purposes other than attacking their convictions or seeking redress for constitutional violations. *Souza v. Travisono (Souza I),* 498 F.2d 1120 (1st Cir. 1974). The district court then awarded the plaintiffs costs of $464.85 and fees of $11,340.00, $2,040.00 and $1,776.00 for three private counsel. On appeal from that award, this court held the size of the attorneys' fees excessive and required compensation in line with that provided by the Criminal Justice Act, namely $30 per in-court hour and $20 per out-of-court hour. *Souza v. Travisono (Souza II),* 512 F.2d 1137 (1st Cir.), *vacated and remanded,* 423 U.S. 809, 96 S.Ct. 19, 46 L.Ed.2d 29 (1975). The subsequent decision of the Supreme Court in *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), undermined the basis for even this limited fees award, and we remanded the case to provide plaintiffs' attorneys an opportunity to demonstrate the applicability of any of the exceptions recognized by *Alyeska* to the no-attorneys'-fees rule. While the case lay quiescent on the district court's docket, Congress amended 42 U.S.C. § 1988 to permit an award of attorneys' fees to parties who prevailed in suits such as this one, and the district court made a new award of $19,402.50, $2,040.00, and $1,776.00 to the three private counsel. The state appeals this award as excessive.

In the original fee-setting proceeding, the district court had determined that Attorney Gonnella had expended 189 hours in this matter, Attorney Angelone 34 hours, and Attorney Stern 29.6 hours. The court heard evidence from a local attorney as to the prevailing rate in the community for

---

\* Of the Northern District of California, sitting by designation.

such litigation and made findings as to the importance and complexity of the case and the skill, experience, and performance of the attorneys. Accordingly, the court held that each should be compensated at the rate of $60.00 an hour for each hour billed. In the proceedings held subsequent to the enactment of amended 42 U.S.C. § 1988, the court received further evidence as to the nature of the services performed by the attorneys and the prevailing rates for such services in the Providence legal community. The court made reference to cases mentioned in the legislative history of the amendment that discuss factors to be considered in setting a reasonable fee, and then reaffirmed its earlier award. The court further found that Mr. Gonnella had expended 107.5 hours since the original proceeding and held that compensation for this time at the rate of $75 an hour would be reasonable.

After the district court made this new fee award, we decided *King v. Greenblatt*, 560 F.2d 1024 (1977), concerning the power conferred on a district court by the attorneys' fee amendment. We held in *King* that the restrictive standards of *Souza II* no longer would apply to cases pending at the time of the enactment. Instead of mechanically applying the Criminal Justice Act schedule, courts were empowered to exercise their sound discretion in setting reasonable fees, bounded by the factors mentioned in the legislative history and the ABA Code of Professional Responsibility.[1] We required district courts critically to weigh claims for attorneys' fees, demanding a full and spe-

cific accounting for the time invested in the case and assessing whether that much time was necessary in light of possible duplication of effort or unnecessary use of counsel to perform non-legal work. Once time and labor had been critically evaluated, courts were to set a reasonable fee in light of the relevant criteria, taking care to avoid excessive reliance on "normal" local rates and instead tailoring the fee to the particular case:

> Actual bills will frequently be lower, sometimes much lower, than that rate might indicate; on exceptional occasions they may however exceed it. While the modest Criminal Justice Act rates might allow a more mechanical application, an assumed marketplace rate is never to be applied across the board without regard to the difficulty of the work, the results achieved and all other relevant factors.

*King, supra,* 560 F.2d at 1027.

Our decision in *King* disposes immediately of two issues raised by this appeal, namely whether the parsimonious *Souza* standards still govern and whether amended 42 U.S.C. § 1988 applies to cases which were pending at the time of its passage only as to fee awards.[2] Three substantial issues remain for determination here: whether the attorneys sufficiently accounted for the time spent on the case, whether the compensation applied in this case was within reasonable limits, and whether the district court had the power to award attorneys' fees for work performed in this court.[3]

---

1. The legislative history referred to *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), whose criteria for a reasonable fee award we listed in *King*:

   "1) the time and labor required; 2) the novelty and difficulty of the question presented; 3) the skill required to perform the legal services; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation and ability of the attorney; 10) the undesirability of the case; 11) the nature and

length of the professional relationship with the client; 12) awards in similar cases." We also discussed the factors enumerated in Ethical Consideration 2–18 and Disciplinary Rule 2–106(B). *King, supra,* 560 F.2d at 1027 & n. 6.

2. *But see Zurcher v. Stanford Daily,* —— U.S. ——, 98 S.Ct. 52, 54 L.Ed.2d 71 (1977) (No. 76–1484) (certiorari granted in case presenting question of retroactivity of attorneys' fees amendment).

3. The state also contends that the district court erred in granting an extension of time to plaintiffs to file for costs and fees and in not making findings of fact to support the fee award. As plaintiffs made a showing of excusable neglect,

■ The state does not contest the accounting given by Mr. Stern, but argues that Messrs. Gonnella and Angelone failed to provide adequate substantiation of the work they performed. Both these attorneys had submitted affidavits to the court during the original fee-setting proceeding which set out the number of hours spent on various tasks, but neither had provided the underlying documentation on which the statement of hours was based. The state did not then dispute the figures, and Mr. Gonnella subsequently destroyed the time sheets from which he had derived his bill, thinking them to be no longer of any value. Mr. Angelone testified that he never had prepared time sheets, but rather calculated his account by comparing his pocket diary with docket entries of the court. Mr. Gonnella provided the state with time sheets for the hours he spent on the case subsequent to the disposition on the merits.

In *King*, we declared:

As a starting point the attorney or attorneys must submit to the court a detailed record of the time spent on the case and the duties performed. . . . The court must secure from the attorneys a full and specific accounting for their time; bills which simply list a certain number of hours and lack such important specifics as dates and the nature of the work performed during the hour or hours in question should be refused.

560 F.2d at 1027 (citation omitted). Neither Gonnella nor Angelone fully complied with this mandate. Mr. Gonnella did not submit to the court time sheets detailing his efforts throughout the litigation, and Mr. Angelone apparently had no records to submit. In a case arising after *King*, such a failure to document an attorney's time might merit disallowal, or at least drastic reduction, of a fee award. Given the circumstances of this litigation, however, it would be unfair to tax Gonnella and Angelone with more stringent standards developed years after the work was performed. Each gave the court sworn affidavits as to the time spent on the case and made at least some effort to itemize his account. Furthermore, while the state cannot be said to have waived an argument the legal foundation of which only recently has been clarified by this court, the fact that the state did not object to the documentation when it was first presented to the court, and has never contended Gonnella or Angelone in any way misrepresented the time spent on this case, militates in favor of accepting the finding below as to reimbursable hours.

■ The state next argues that the district court abused its discretion in determining that $60 an hour would constitute a reasonable fee for the work performed by Angelone, Gonnella, and Stern during 1973, and that $75 an hour would be reasonable for the time billed by Gonnella thereafter. For reasons that will be discussed herein, we address first the reasonableness of the fee set for work performed before the district court.

As we said in *King*, the assessment of a reasonable fee in a particular case rests within the sound discretion of the district court. 560 F.2d at 1026, *citing Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717 (5th Cir. 1974). This means that we will look for a reasoned discussion of those factors that the court finds relevant. We do not require the court to discuss each of the twelve factors in every case. The district court here did refer to the criteria we subsequently endorsed in *King*, although it did so in a conclusory manner. The state points to evidence that Mr. Gonnella during 1973 received substantially less than $60 an hour for the bulk of his professional time, and that at that point in his career he had

---

however, the court clearly exercised its sound discretion to grant an extension within the bounds of Federal Rule of Civil Procedure 6(d). Furthermore, the state waived this issue, even if it had merit, by not raising it during the course of the first appeal of the fee award. As for the state's argument that the district court failed to make findings of fact, the record indi-

cates to the contrary. Although the district court could have been more helpful in "set[ting] out in the record the basis for the award and any pertinent findings of fact," *King, supra,* 560 F.2d at 1027, it did make findings as to the hours expended, the importance and complexity of the litigation, and the performance of the attorneys.

yet to accumulate a great deal of litigation experience. It further points out that an early consent order removed some of the difficulty of the litigation and, in any event, plaintiffs enjoyed only partial success on the merits. Juxtaposed against these contentions are the findings of the district court that these attorneys displayed skill and judgment, which we fully accept, and, more questionably, that the litigation provided invaluable benefits to the plaintiff class.

The size of the fee award in this case for the work performed before the district court is indeed very high. There is some evidence that the district court did exactly what we declared to be impermissible in *King*: multiply the number of billable hours by an artificial "marketplace" rate with insufficient regard to the significance or complexity of the litigation. Furthermore, it was apparently assumed that every hour was billable at the same rate, an assumption questioned in *King*. If this were the first time in this dispute we had faced the attorneys' fees issue, we would be tempted to remand the case for reconsideration in light of *King*. Three appeals in this suit are more than enough, however, and we see no value to anyone in prolonging this matter. The amounts though high cannot be considered unconscionable; they reflect the considered judgment of the district court, informed by its firsthand observation of the attorneys' performance, and they are supported by a record which the state could have supplemented but did not. In light of the already inordinate duration of this litigation, and the difficulties faced by all concerned during a period of changing legal standards, we feel constrained to show perhaps greater deference to the findings of the district court than ordinarily we might. Consequently we affirm the portion of the fees award relating to services in the district court.

■ The portion of the award relating to appellate work presents different questions.

The state argues that the district court lacked the authority to make this award at all, regardless of the reasonableness of the fee charged. It is difficult to make out exactly what the state means by this argument. This court, in other contexts, has entertained motions for reimbursement for appellate work. *See Contour Saws, Inc. v. L. S. Starrett Co.*, 444 F.2d 1331 (1st Cir. 1971) (Patent litigation); *Farmington Dowel Products Co. v. Forster Mfg. Co.*, 421 F.2d 61 (1st Cir. 1970) (Section 4 of Clayton Act). These decisions did not deprecate the authority of a district court to consider the same matter in situations where it would be appropriate. The Supreme Court has recognized the power of a district court to award fees for appellate work under Section 4 of the Clayton Act, *Perkins v. Standard Oil Co. of California*, 399 U.S. 222, 90 S.Ct. 1989, 26 L.Ed.2d 534 (1970), and the Court of Appeals for the District of Columbia Circuit has argued that as a general rule a district court should in the first instance set the fee for services rendered on appeal. *Wilderness Society v. Morton*, 161 U.S.App.D.C. 446, 495 F.2d 1026, 1036 (D.C. Cir. 1974), *rev'd sub nom., Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Persuasive arguments support the position staked out in *Wilderness Society*. Although a court of appeals might be in the best position to assess the importance and complexity of a case on appeal and the quality of the performance by the attorneys that appear before it, other factors going into a fee determination require factual findings more appropriately made by a district court. Furthermore, the overall importance and ultimate outcome of particular litigation often cannot be weighed until after an appeal of the merits and subsequent remand. It would be a waste of judicial resources if at that point in the proceeding a district court were barred from assessing the appeal in considering a fee award. As this case illustrates, a district court cannot fully evaluate such litigation without taking into account

the history of the dispute on appeal. Having evaluated the appellate work of the attorneys, the district court properly may assign a price tag to it.

■ The fact that a court of appeals is in a better position to assess the importance and quality of appellate work, however, requires us to give less deference to a determination of its worth by a district court. While even the portion of a fee award relating to an appeal is entitled to some deference from an appellate court, we feel less bound to uphold the judgment of the district court to the extent it involves factors peculiarly within our knowledge.

■ The state also seems to argue that plaintiffs' attorneys should not receive compensation for time spent litigating the issues of fees, as resolution of this issue does not inure to the benefit of the plaintiff class. *See Clanton v. Allied Chemical Corp.*, 416 F.Supp. 39, 43 (E.D.Va.1976). Whatever the merits of the *Clanton* holding in the circumstances of that case, we refuse to lay down as sweeping a rule as the state would wish. There is precedent in this circuit for an award of fees to a party that on appeal successfully defended a fee award by a lower court. *Farmington Dowel Products Co. v. Forster Mfg. Co.*, 421 F.2d 61, 91 (1st Cir. 1970). To hold otherwise would permit a deep pocket losing party to dissipate the incentive provided by an award through recalcitrance and automatic appeals. On the other hand, the fact that litigation over fees only indirectly benefits the plaintiff class is a consideration of some importance in a determination of the reasonableness of a particular fee for these services.

■ Applying these principles to the case at bar, we hold that the fee award to Mr. Gonnella for work performed on appeal must be reduced. The tangled history of this case has been determined predominantly by intervening appellate decisions which in large part have resolved the principle questions raised. We have commented once before on the significance of *Souza I*:

> Here we have the further aspect that the litigation was only partially successful. While, as we have noted, the attorneys are not to be denied reasonable fees merely because *Procunier* settled favorably one of the main questions, it is appropriate, in establishing a reasonable fee, to take into account the net result of their efforts.

*Souza II, supra*, 512 F.2d at 1141. Similarly, it is difficult to perceive *Souza II* as anything but a defeat for these attorneys, especially with respect to its remand in light of *Alyeska*, and the outcome of this final phase of the litigation largely has been determined by *King*. In addition, the last two appeals have been concerned only with attorneys' fees. In spite of the high quality of work displayed by Mr. Gonnella before this court, then, we do not believe his success before us has been such as would justify the very substantial fee awarded. We hold that compensation greater than $50 an hour for appellate work in this case would be excessive. Consequently we remand this case to the district court with instructions to reduce the award of attorneys' fees to the extent it compensates Mr. Gonnella for appellate work, including work before the Supreme Court, at a rate in excess of $50 an hour. The award is affirmed in all other respects.

*So ordered.*