Robert Leslie BUSCHE, Plaintiff,

v.

Wallace E. BURKEE, Defendant.

Civ. A. No. 76–C–559.

United States District Court,
E. D. Wisconsin.

Feb. 12, 1980.

---

Walter W. Stern and Myron P. Keyes, Kenosha, Wis., for plaintiff.

James W. Conway, Kenosha City Atty., Kenosha, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

On August 15, 1979, the Court issued a decision and order in the above-entitled action awarding to the plaintiff Robert Leslie Busche $10,000 as compensatory damages and $2,000 as punitive damages against the defendant Wallace E. Burkee. The other defendants were dismissed at that time or had previously been dismissed.

The defendant Burkee has now filed a motion for a rehearing on the amount of damages and for a breakdown of damages awarded as to mental distress and damage to reputation, and as to damages sustained prior to and after the Police and Fire Commission hearing. The plaintiff has filed a motion for attorney's fees for 183.5 hours of work at a rate of $50 per hour, or a total of $9,175. Defendant requests a hearing on the motion for fees. He does not challenge the number of hours spent or the hourly rate requested, but argues for an apportionment of fees between the time spent by plaintiff's attorneys on issues as to which the plaintiff was ultimately successful and time spent by them on issues as to which plaintiff was not ultimately successful.

The defendant Burkee's motion for a rehearing and breakdown of damages will be denied. At the time that it made its findings on damages, the Court took into consideration all of the mitigating factors which the defendant wishes to raise at a rehearing on damages, which factors are set forth in defendant's brief (at pages 1–2) filed September 10, 1979, in support of his motion, and no purpose would be served by a reargument. As for the breakdown of

damages requested, the Court took into consideration in making its award that not all of plaintiff's injuries were caused by the conduct of the defendant Burkee, and the damages assessed against Burkee were only those which the Court found to be attributable to his illegal conduct, i. e., to his initial termination of the plaintiff from employment.

■ The plaintiff's motion for attorney's fees will be granted. In *Schmidt v. Schubert*, 433 F.Supp. 1115, 1118 (E.D.Wis.1977), this Court in discussing the amount of fees appropriately awarded under 42 U.S.C. § 1988 in an action brought pursuant to 42 U.S.C. § 1983, stated:

" * * * Thus, the magnitude and complexity of the case, along with the quality of services of counsel, the time and labor spent in connection with the case, and the beneficial result achieved as a result of counsel's representation are all factors to be considered by this Court in deciding the plaintiffs' motion. [Citation omitted.]"

This was a complex case in that it involved numerous different issues arising under the due process clause of the Fourteenth Amendment and required plaintiff's counsel to prepare for and present evidence on all of those issues and to respond to a substantive motion brought by the defendants. The defendant Burkee does not question the quality of counsel nor the time and labor spent in connection with the case, and the Court as well is satisfied that the quality of counsel was high and that the hours claimed were in fact expended in preparation of the case.

■ Defendant's primary objection to the fee award is that the plaintiff did not prevail on all of the issues raised in his complaint and did not get judgment against all of the originally named defendants. The Court is satisfied, however, that all of the issues raised in the complaint were raised in good faith, and that plaintiff's counsel had an obligation to their client to investigate and prepare for trial on all of said issues arising out of the single incident which formed the basis for the action. Fur-

ther, as stated in *Northcross v. Board of Education of Memphis*, 611 F.2d 624, 48 U.S.L.W. 2385, 2386 (6th Cir., 1979):

" * * * Once the issue of whether a party has prevailed is determined, the party is entitled to recover attorneys' fees for all time reasonably spent on a matter. The fact that some of that time was spent on issues that were ultimately unproductive, rejected by the court, or mooted by intervening events is wholly irrelevant. District courts are to allow compensation for hours expended or unsuccessful research or litigation unless the positions asserted are in bad faith."

IT IS THEREFORE ORDERED that plaintiff's motion for an award of attorney's fees in the amount of $9,175 is granted.

IT IS FURTHER ORDERED that the defendant Burkee's motion for a rehearing and for a breakdown of damages is denied.