Sharon SUZUKI, on behalf of herself and all other persons similarly situated, Plaintiffs,

and

Rosita T. Alba and Jane Doe, Plaintiffs-Intervenors,

v.

George YUEN, in his capacity as Director of Health, State of Hawaii, Defendant.

Civ. No. 73–3854.

United States District Court, D. Hawaii.

Feb. 11, 1981.

**820**

Paul D. Alston, Shelby A. Floyd, Paul, Johnson & Alston, Honolulu, Hawaii, for plaintiffs.

Herbert Y. Hamada, Deputy Atty. Gen., Wayne Minami, Atty. Gen., State of Hawaii, Honolulu, Hawaii, for defendant.

## ORDER GRANTING MOTION TO AWARD ATTORNEYS' FEES

SAMUEL P. KING, Chief Judge.

On June 15, 1973, this action was brought for a writ of habeas corpus to release plaintiff Suzuki from confinement in a psychiatric facility in Honolulu. Plaintiffs also sought a declaratory judgment that certain provisions of Hawaii's mental health statute, Hawaii Rev.Stat. Chapter 334, were unconstitutional, and an injunction, pursuant to 42 U.S.C. § 1983 (1974) against the use of nonconsensual provisions of the statute. This Court certified a class action pursuant to Fed.R.Civ.P. 23(b)(2) with the class consisting of:

> All persons who are now or who may be in the future admitted [to] and detained at a psychiatric facility.

*Suzuki v. Quisenberry*, 411 F.Supp. 1113, 1118 (D.Hawaii 1976) ("Suzuki I").

On a motion for summary judgment, this Court granted declaratory and injunctive relief. Certain nonconsensual commitment provisions, transfer provisions and authorization provisions were declared violative of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Certain other provisions were found not violative of the Fourteenth Amendment. *Suzuki I, supra.*

Jurisdiction over the case was retained expressly pending amendment of the statutes. Following amendment in 1976, a supplemental complaint seeking declaratory and injunctive relief that the new statutes were unconstitutional was filed. Again on a motion for summary judgment, this Court held that: (1) dangerousness to property was not a constitutional basis for involuntary commitment, (2) the statutory procedure for involuntary commitment for up to five days for evaluation of a person who refuses examination violated the Fifth Amendment's privilege against self-incrimination, (3) the statute unconstitutionally failed to specify that only "imminently dangerous" persons could be committed, and (4) the provision in the statute that provided for a five-day diagnostic commitment was unconstitutional in not requiring proof beyond a reasonable doubt. *Suzuki v. Alba*, 438 F.Supp. 1106 (D.Hawaii 1977) ("Suzuki II").

Following the decisions in *Suzuki I* and *Suzuki II*, plaintiffs were awarded $15,000 in reasonable attorneys' fees under 42 U.S.C. § 1988 (Supp.1980), for their work in this Court.[1]

Defendant appealed to the Ninth Circuit Court of Appeals. The Ninth Circuit affirmed in part and reversed in part. *Suzuki v. Yuen*, 617 F.2d 173 (9th Cir. 1980). Defendant appealed the issues of the constitutionality of the commitment procedures and of the denial of a stay of the award of attorneys' fees pending appeal. Because the fees had been paid when the Ninth Circuit reached the issue of the stay, that appeal was dismissed as moot. On the merits, the Ninth Circuit: (1) affirmed this Court's holding on the unconstitutionality of the danger to property provision, (2) reversed this Court's holding of the uncon-

---

1. The fees awarded were for work on *Suzuki II*. This Court held that 42 U.S.C. § 1988 was inapplicable to *Suzuki I* since it was concluded before the passage of section 1988. Of the total of $15,000, $10,000 was awarded to Mr. Alston, one of the attorneys requesting this award.

stitutionality of the five-day involuntary commitment provision as violative of the Fifth Amendment's privilege against self-incrimination, (3) affirmed this Court's holding that the statute was unconstitutional in not requiring imminent danger as a standard for involuntary commitment, and (4) reversed this Court's holding that the state was required to prove the need for commitment beyond a reasonable doubt. On the fourth issue, the Ninth Circuit based its decision on the U. S. Supreme Court's case of *Addington v. Texas*, 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979), a decision not before this Court at the time of its decision.

Following issuance of the mandate by the Ninth Circuit, plaintiffs filed this motion for award of attorneys' fees[2] against defendant Yuen in his official capacity as Director of Health, State of Hawaii. Plaintiffs' request for fees includes compensation for 57.2 hours of work in this Court for a total of $4,309.50. The remainder of the total request for $23,890.00 is for work done in defending the appeal of the case.

I. *Pre-Appeal District Court Proceedings*

Under 42 U.S.C. § 1988,[3] prevailing parties should be awarded reasonable attor-

neys' fees[4] unless special circumstances render the award unjust. S.Rep.No.94–1011, 94th Cong., 2d Sess. 1, 4–5 *reprinted in* [1976] U.S.Code Cong. & Admin.News 5908, 5912. In awarding fees for the bulk of the work in this Court previously, the Court necessarily decided that plaintiffs were prevailing parties at this level and that no such special circumstances existed. The pre-appeal fees requested here are for a total of 7.2 hours, 6.0 hours spent by Thomas M. Culbertson at a requested hourly rate of $55 and 1.2 hours spent by Corey Y. S. Park at a requested hourly rate of $65. The total requested for the garnishee summons to recover the initial fee award is $330 and for a motion to alter or amend the judgment $120 for a total of $450.

In determining the reasonableness of a fee request, the twelve criteria in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974), adopted by the Ninth Circuit in *Kerr v. Screen Extras Guild*, 526 F.2d 67 (9th Cir. 1975), *cert. denied* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976), are considered. Those criteria are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service

2. Plaintiffs therefore moved for award of attorneys' fees within the ten-day period after final judgment required under Fed.R.Civ.P. 59(e). *See White v. New Hampshire*, 629 F.2d 697 (1st Cir. 1980); *Dennis v. Chang*, Civ. 76–0461 (D.Hawaii, filed Oct. 30, 1980). The motion was filed on August 18, 1980, after an amended mandate was entered in this Court on July 25, 1980, but before the judgment on mandate was filed in this Court on October 7, 1980.

3. Section 1988 provides, in pertinent part:
   In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

4. The award of attorneys' fees to the prevailing party under section 1988 is an exception to the "American rule" that requires the parties to bear their own attorneys' fees. Section 1988 is one of numerous federal statutes that authorize the award of "reasonable" attorneys' fees. *See* Berger, *Court Awarded Attorneys' Fees: What is "Reasonable"?* 126 U.Pa.L.Rev. 281, 303 (1977). Where no statute authorizes the award of fees, a court may, in its discretion, award fees under the terms of enforceable contracts or under the equitable powers of the court. Under the equity power, only certain grounds are sufficient to justify making exceptions to the American rule. Fees may be awarded under the common fund and common benefit doctrines, for willful disobedience of a court order, or for bad faith (specifically when the court finds that the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons). *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980); *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Though most federal statutes authorizing award of fees specify that the fees must be "reasonable," that is not necessarily a requirement for fees awarded on equitable grounds.

properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *See also Dennis v. Chang*, 611 F.2d 1302 (9th Cir. 1980). Failure to consider the relevant criteria constitutes an abuse of discretion, *Kerr, supra. See also Seymour v. Hull & Moreland Engineering*, 605 F.2d 1105 (9th Cir. 1979); *Fountila v. Carter*, 571 F.2d 487 (9th Cir. 1978); *King v. Greenblatt*, 560 F.2d 1024 (1st Cir. 1977), *cert. denied* 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978).

Those twelve criteria are discussed here as they relate to three elements in the fee award: (1) a reasonable hourly rate for each attorney, (2) a reasonable number of hours for each attorney, and (3) any bonus or incentive to be awarded.

#### (1) Reasonable Hourly Rate

In determining the reasonableness of the hourly rate, three of the *Johnson* criteria are relevant. These are: the skill requisite to perform the legal service properly, the customary fee, and the experience, reputation and ability of the attorneys. Plaintiffs indicate that an hourly rate of $100 for Paul Alston and $65 for Thomas Culbertson are the customary fees. Plaintiffs do not indicate that Mr. Alston or Mr. Culbertson possess any particular expertise to perform the two tasks and the Court notes that neither of these activities requires any particular expertise. In considering the experience, reputation and ability of the attorneys, the Court notes that Mr. Alston was admitted to the Hawaii bar in 1971 and Mr. Culbertson in 1977. Based on these factors, this Court finds that a reasonable hourly rate for Mr. Alston is $75 and for Mr. Culbertson $40. *See Yuclan v. Arre*, Civil No. 79–0421 (D.Hawaii, filed Dec. 18, 1980).

#### (2) Reasonable Number of Hours

The time and labor required and the novelty and difficulty of the questions involved are relevant to determining a reasonable number of hours necessary for this work. Considering these factors, this Court finds that the hours requested are reasonable.

Accordingly, $240 is awarded for work done by Mr. Culbertson and $90 for work by Mr. Alston for a total of $330.

#### (3) Bonus or Incentive

Plaintiffs have cited no characteristics of this part of the work on this case that justifies adding a bonus or incentive under any of the other *Johnson* factors.

### II. *Appellate Proceedings*

Since this request primarily is for fees incurred for work defending the appeal, the question is presented of whether this Court or the Ninth Circuit is the appropriate forum for award of these fees. The assessment of fees for appellate work necessarily requires consideration of factors such as the quality of the briefs and oral arguments, the amount of time necessary to prepare briefs and oral argument, the difficulty of the individual issues on appeal and the complexity and importance of the case from the view of the appellate court. As the First Circuit Court of Appeals has pointed out, the court of appeals is in the best position to assess these factors. *Souza v. Southworth*, 564 F.2d 609, 613 (1st Cir. 1977). Despite recognition of the better position of the circuit court, the court in *Souza* concluded that the district court is the appropriate forum for assessment of fees for appellate work in the first instance.

The conclusion in *Souza* was based on earlier recognition by the United States Supreme Court of the power of the district court to award fees for appellate work, *Perkins v. Standard Oil of California*, 399 U.S. 222, 90 S.Ct. 1989, 26 L.Ed.2d 534 (1970), and the view that because of the requirements for factual findings in awarding fees, such fees should be awarded in the district court in the first instance. *Perkins*

at 223, 90 S.Ct. at 1990; *Wilderness Society v. Morton*, 495 F.2d 1026, 1036 (D.C.1974), *rev'd on other grounds sub nom: Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Universal Amusement v. Vance*, 587 F.2d 159, 172 (5th Cir. 1979) *aff'd* 445 U.S. 308, 100 S.Ct. 1156, 63 L.Ed.2d 413 (1980); *Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624, 637 (6th Cir. 1979). *See also United Pacific Insurance Co. v. Idaho First National Bank*, 378 F.2d 62 (9th Cir. 1967); *Furtado v. Bishop*, 604 F.2d 80, 98 (1st Cir. 1979); *Iranian Students Association v. Edwards*, 604 F.2d 352, 354 (5th Cir. 1979).

Though the circuit courts may award attorneys' fees by authority of an applicable statute and may include such an award with a bill of costs award,[5] the foregoing authorities convince this Court that the district court, despite its lesser ability to assess some important factors in the award, must consider and make an initial determination on a request for fees for appellate work. This task is undertaken with full recognition that this Court is not in a position to evaluate some factors related to appellate fees and that, on appeal, if any, the Ninth Circuit may view these factors differently. As the First Circuit stated in *Souza*:

> The fact that a court of appeals is in a better position to assess the importance and quality of appellate work, however, requires us to give less deference to a determination of its worth by a district court. While even the portion of a fee award relating to an appeal is entitled to some deference from an appellate court, we feel less bound to uphold the judgment of the district court to the extent it involves factors peculiarly within our knowledge.

564 F.2d at 614.

Under 42 U.S.C. § 1988 (Supp. 1980), this Court, in its discretion, may award reasonable attorneys' fees to the prevailing party. The threshold question then is whether plaintiffs prevailed on the appeal. Plaintiffs clearly prevailed on the merits in this Court with determinations that the provisions of the statute challenged were unconstitutional. Plaintiffs then were faced with defending the appeal by the state. In the Ninth Circuit, one appeal was dismissed and in the other, this Court was affirmed on two issues under the statutes and reversed on the other two. Plaintiffs argue that the issues on which this Court was affirmed, dangerousness to property and imminent dangerousness, were the two provisions of the statutes that permitted long-term involuntary commitment of the plaintiff class. The third provision, which allowed for a five-day commitment for medical evaluation, was struck down by this Court on two different grounds, both of which were reversed by the Ninth Circuit. Plaintiffs argue that they clearly prevailed on two of the three statutory provisions and that the victory concerned the provisions having the largest impact on the plaintiff class.

On the other hand, defendant quotes the Ninth Circuit to support its view that plaintiffs, while establishing two points of law, did not achieve the results sought. In its summary the Ninth Circuit stated:

> On balance, we find Hawaii's procedures for the involuntary commitment of dangerous mentally ill individuals in conformity with constitutional rights. With the exception of the "danger to property" provision, and the failure to require imminent danger, the statute strikes the proper balance between protection of society from those who might harm others and preservation of the rights of the mentally ill who are dangerous to none.

*Suzuki v. Yuen*, 617 F.2d 173, 179 (9th Cir. 1980).

Despite the Ninth Circuit's language concerning the statutes' general conformity with the Constitution, Plaintiffs were successful in defending the appeal on two of the three statutory provisions and on

---

5. Under Fed.R.App.P. 39(d), a bill of costs must be filed within 14 days of entry of judgment. Though attorneys' fees may be awarded as part of a bill of costs, they may be requested separately and need not be requested within the 14-day period, at least in the Ninth Circuit.

achieving a dismissal of the attorneys' fees portion of the appeal. Based on this, this Court finds that Plaintiffs are prevailing parties on the appeal.

■ At least in cases involving injunctive relief and not damages, attorneys' fees should be awarded to prevailing parties unless special circumstances render such an award unjust. *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968); *Buxton v. Patel*, 595 F.2d 1182, 1185 (9th Cir. 1979); *Zarcone v. Perry*, 581 F.2d 1039, 1043 (2d Cir. 1978) *cert. denied* 439 U.S. 1072, 99 S.Ct. 843, 59 L.Ed.2d 38 (1979); *Aho v. Clark*, 608 F.2d 365, 367 (9th Cir. 1979). No such special circumstances exist in this case. It is also clear that work on an appeal should be compensated under section 1988. *Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978); *Kingsville Independent School District v. Cooper*, 611 F.2d 1109, 1114 (5th Cir. 1980).

■ Defendant suggests in its formulation of an amount to be awarded to plaintiffs that plaintiffs' request should be reduced by 50% to reflect what defendant sees as plaintiffs' prevailing on only two out of four issues on appeal. As discussed earlier, plaintiffs' success on the merits should be viewed in light of the impact of the appeal on the statutory scheme and on the plaintiff class rather than on counting issues. Here plaintiffs were faced with opposing an appeal on three statutes. They are entitled to compensation for all time reasonably spent on that appeal even though some of that time was devoted to issues upon which they did not prevail. *Reproductive Services v. Freeman*, 614 F.2d 585, 600 (8th Cir. 1980); *Busche v. Burkee*, 483 F.Supp. 1326, 1328 (E.D.Wis.1980). While a 50% reduction or any other reduction based on prevailing on a certain percentage of issues is not justified, the Court notes that in applying the *Johnson* factors and others formulated for purposes of awarding appellate fees, the issues on which plaintiffs were unsuccessful will be considered. *See Nadeau v. Helgemoe*, 581 F.2d 275, 279 (1st Cir. 1978).

■ As discussed earlier, assessment of fees for appellate work necessarily requires consideration of factors outside those listed in *Johnson*. The additional factors recognized by this Court are: (1) the quality of briefs and oral arguments, (2) the amount of time necessary to prepare briefs and oral arguments, (3) the difficulty of the issues on appeal, and (4) the complexity and importance of the case from the view of the appellate court.

In this case, the following criteria from *Johnson* are inapplicable to the fee determination. That is, plaintiffs raise no facts about their services that would indicate any need for consideration of *Johnson* criteria, (4) the preclusion of other employment by the attorney due to acceptance of the case, (7) time limitations imposed by the client or the circumstances, (10) the "undesirability" of the case, or (11) the nature and length of the professional relationship with the client.

Therefore, the following modified *Johnson* criteria and additional factors will be considered: (1) the quality of briefs and oral argument, (2) the time and labor required for preparation of briefs and oral argument, (3) the difficulty of the issues on appeal, (4) the skill requisite to perform the legal service properly, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the amount involved and results obtained, (8) the experience, reputation and ability of the attorneys, (9) awards in similar cases, and (10) the complexity and importance of the case in its posture on appeal.

For the work on appeal, plaintiffs request compensation for 107.5 hours of compensation for Mr. Alston at $100 per hour, 103.7 hours for Ms. Floyd at $65 an hour, 16.5 hours for law clerk services at $25 per hour and 2.5 hours for Mr. Park at $65 an hour. Of the total hours requested for appellate work, 181.8 hours were requested for research, drafting, reviewing, discussing and proofing briefs. This included the work of two attorneys and two law clerks. For example, Mr. Alston requests compensation for 67.7 hours of work on briefs and Ms.

Floyd 88.3 hours with requests for 16.5 and 9.3 hours for law clerks.

### (1) Reasonable Hourly Rate

To determine a reasonable hourly rate for the appellate work, the following factors are considered: (1) the quality of the briefs and oral argument, (2) the skill requisite to perform the legal service properly, (3) the customary fee, (4) the experience, reputation and ability of the attorneys, and (5) the complexity and importance of the case from the view of the appellate court. Of these factors, this Court is in the position to assess factors (2), (3), and (4).

As with the district court proceedings, plaintiffs indicate that the customary fees are $100 an hour for Mr. Alston and $65 an hour for Ms. Floyd and Mr. Park. As discussed earlier, the reasonable hourly rate for previous district court proceedings is $75 for Mr. Alston. After consideration of the same factors used in determining a reasonable hourly rate for the district court proceedings and noting that Ms. Floyd was admitted to practice in Hawaii in 1976 and Mr. Park in 1975, this Court finds that a reasonable hourly rate for each of them is $50.

Plaintiffs do not indicate any specific experience or expertise that would justify an increase in hourly rate for this appellate work and this Court finds that there were no extraordinary skills necessary to perform the legal services properly. As to factor (1), this Court assumes that the quality of the briefs and oral arguments were of the same high quality that plaintiffs' attorneys exhibited in this Court. The Ninth Circuit opinion in *Suzuki v. Yuen*, 617 F.2d 173 (9th Cir. 1980), does not indicate that the case was viewed as a complex one by the circuit court. The court analyzed the case under four separate questions and reached conclusions without the need for long, complex reasoning. On one issue, the standard for commitment, a United States Supreme Court case had resolved the issue. None of the above factors indicates that the hourly rate set forth for work in this Court should be adjusted.

### (2) Reasonable Number of Hours

Considering the previous experience and expertise of Mr. Alston and Ms. Floyd with the issues developed during trial court proceedings, a general assessment of the time and labor required to prepare briefs, and the difficulty of the issues on appeal, this Court finds that the number of hours spent on brief preparation is unreasonably high. In reducing the number of hours to be compensated, this Court is aware of its duty to weigh the hours claimed and examine the request carefully for possible duplication of effort. *See Copeland v. Marshall*, 49 U.S. L.W. 2159 (D.C. Cir. Sept. 2, 1980); *Planned Parenthood v. Citizens for Com. Action*, 558 F.2d 861, 871 (8th Cir. 1977); *King v. Greenblatt*, 560 F.2d 1024 (1st Cir. 1977), *cert. denied* 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978); *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717 (5th Cir. 1974). Considering the extensive preparation put into the previous two phases in this Court (see Suzuki I and II), and considering the above factors, the number of hours spent by each attorney should be reduced by two-thirds. This also reflects the judgment of this Court that any additional time needed for basic research could have been done by lower paid associates and/or law clerks. Therefore, for the preparation of briefs, 22.6 hours compensation will be awarded to Mr. Alston at $75 an hour for a total of $1695.00 and 29.4 hours to Ms. Floyd at $50 an hour for a total of $1470.00. In addition, $387 is awarded for 25.8 hours of law clerk work at $15 per hour.

In their handling of the appeal, plaintiffs' attorneys devoted time to consideration of a motion to dismiss the appeal but decided not to file it. The 2.6 hours devoted to this should not be compensated. Mr. Alston and Ms. Floyd devoted three hours to motions to extend time to file briefs. The information submitted by these attorneys indicates that the efforts made on these motions were duplicative and only one-half of that time or 1.5 hours at $50 per hour should be compensated for a total of $75.

Plaintiffs request compensation for a total of 33.9 hours that were devoted to oral argument on the appeal. Of that, 26.9 hours were expended by Mr. Alston in reviewing the case, discussing the argument, traveling to and from San Francisco for the argument and the argument itself. Considering the heavy involvement of Mr. Alston in the trial level proceedings in this case and in appellate brief preparation, this number of hours is unreasonably high and is reduced to 15 hours. The hours requested for other attorneys assisting in preparation for the argument will be compensated as requested. The amount awarded is $1,125.00 for Mr. Alston's services; 2.5 hours for Mr. Park's and Ms. Floyd's services at $50 per hour for a total of $175 and 3.5 hours for law clerk services at $15 per hour for a total of $52.50. The total amount awarded for preparation for and the argument is $1,352.50.

The hours remaining in the request were devoted to miscellaneous services such as communicating with the Mental Health Law Project (*amicus curiae*), reviewing the notice of appeal, transcripts and orders and preparing a bill of costs. This part of the request is for a total of 15.7 hours. The 11.8 hours submitted for Mr. Alston is reduced to 6.0 hours and the 3.9 hours submitted for Ms. Floyd for work on the bill of costs is reduced to two hours for a total of $450 for Mr. Alston and $100 for Ms. Floyd.

Awards in similar cases is a factor that should be given more weight here than usual. This is due to this Court's lesser ability to assess some of the factors relevant to a determination of reasonable fees for appellate work. This Court takes notice of an award of attorneys' fees by the Ninth Circuit in *Doe v. Clark*, CA 79–4601 (entered Sept. 5, 1980), a case on appeal from this Court, in the amount of $4236.00. This amount is comparable to the total amount awarded here for appellate work.

III. *Post-Appeal District Court Proceedings*

The compensation requested for post-appeal proceedings in this Court is for services in three aspects of the case: (1) the judgment on mandate, (2) notification of the class, and (3) petitioning for award of fees. Plaintiffs request a total of 3.7 hours for preparation of the judgment on mandate, with .8 hours expended by Mr. Alston and 2.9 hours expended by Ms. Floyd. Considering the factors related to reasonable number of hours, as discussed *supra*, the amount requested seems reasonable and should be compensated at $60 for Mr. Alston and $145 for Ms. Floyd for a total of $205.

A total of 6.3 hours is requested for notification of class members. Making an adjustment for what the Court perceives as some inefficiency in time spent on phone calls and reviewing of orders, the hours are reduced to 5.0 hours for a total of $255.

Plaintiffs request compensation for the time spent preparing the request for fees with 24.2 hours devoted to the petition. With a one-half adjustment to the 11.7 hours spent by Mr. Park on the supplemental memorandum, $150 is awarded for Mr. Alston's work, $525 for Ms. Floyd's work and $292 for Mr. Park's work for a total of $967.50. The final hours requested were devoted to miscellaneous matters most of which were unnecessary to litigation of the case. Therefore, those hours, except for those related to the fee petition, are disallowed. For those relating to the fee application, two hours are compensated to Mr. Alston for $150 and two hours to Ms. Floyd for $100.

■ In summary, the following fees are awarded:

| | |
|---|---|
| Pre-appeal district court proceedings | $ 330.00 |
| Appellate proceedings | 5,529.00 |
| Post-appeal proceedings in district court | 967.50 |

Accordingly, IT IS HEREBY ORDERED that plaintiffs' motion for award of attorneys' fees is GRANTED in the amount of $6826.50 and against defendant Yuen in his official capacity as Director of Health, State of Hawaii.