**1006**

PALILA (PSITTIROSTRA BAILLEUI), an endangered species; Sierra Club, a non-profit corporation; National Audubon Society, a non-profit association; Hawaii Audubon Society, a non-profit association; and Alan C. Ziegler, Plaintiffs,

v.

HAWAII DEPARTMENT OF LAND AND NATURAL RESOURCES; and Susumu Ono, in his capacity as Chairman of the Hawaii Board of Land and Natural Resources, Defendants.

Civ. No. 78–0030.

United States District Court, D. Hawaii.

April 21, 1981.

Michael R. Sherwood, Sierra Club Legal Defense Fund, San Francisco, Cal., William S. Hunt, Honolulu, Hawaii, for plaintiffs.

Tany S. Hong, Atty. Gen., Edwin P. Watson, Deputy Atty. Gen., Honolulu, Hawaii, for defendants.

## DECISION AND ORDER GRANTING PLAINTIFFS' PETITIONS TO AWARD ATTORNEYS' FEES

SAMUEL P. KING, Chief Judge.

Plaintiffs brought this action for declaratory and injunctive relief under the Endangered Species Act, 16 U.S.C. §§ 1531 *et seq.* (1974). Plaintiffs prevailed in the case and the decision was affirmed by the Ninth Circuit Court of Appeals. *Palila v. Hawaii Dept. of Land and Natural Resources,* 471 F.Supp. 985 (D.Hawaii 1979), *aff'd,* 639 F.2d 495 (9th Cir. 1981).

Under 16 U.S.C. § 1540(g)(4) (1974), this Court may award costs of litigation, including reasonable attorneys' fees, whenever it determines such an award is appropriate. In this case, plaintiffs earlier were awarded $84,408.75 plus expenses for extensive work done on the case through January 31, 1980. The award was made to Sierra Club Legal Defense Fund at the rate of $110 per hour for 682 hours of work by Michael R. Sherwood, principal attorney in the case, and $80 per hour to William S. Curtiss for 106.5 hours of work. In addition, an award of $868.75 plus expenses was made to William S. Hunt, who served as local counsel.

Two supplemental petitions for reasonable attorneys' fees are now before this Court. The first supplemental petition seeks an award of fees and expenses incurred between January 31, 1980, and August 26, 1980, with the hours for which compensation is requested devoted primarily to monitoring the compliance of defendants with this Court's order that they remove the feral sheep and goats from the Palila's critical habitat. This work led to and included preparation and argument of a motion to hold defendants in contempt.

The second supplemental petition seeks an award of fees incurred in plaintiffs' successful defense of the appeal to the Ninth Circuit.

■ Since any award of attorneys' fees under 16 U.S.C. § 1540(g)(4) must be in a reasonable amount, the twelve criteria listed in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir. 1974), and adopted by the Ninth Circuit in *Kerr v. Screen Extras Guild,* 526 F.2d 67 (9th Cir. 1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976), must be considered in assessing awards for district court proceedings. Those criteria are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Failure to consider these factors in making an award of reasonable attorneys' fees constitutes an abuse of discretion. *See Gluck v. American Protection Industries,* 619 F.2d 30 (9th Cir. 1980); *Kerr, supra.*

■ The twelve criteria are considered here as they relate to three elements of the fee award: (1) a reasonable hourly rate; (2) a reasonable number of hours; and (3) any bonus or incentive to be added to the "lodestar."[1]

### 1. First supplemental petition for fees for district court proceedings

#### a. Reasonable Hourly Rate

The following criteria are relevant to determination of reasonable hourly rates in

---

1. The figure reached by multiplying a reasonable hourly rate by a reasonable number of hours is the "lodestar" in the terminology applied by the Third Circuit Court of Appeals.

*See Lindy Bros. Bldrs. v. American Radiator & Standard Corp.,* 540 F.2d 102, 112 (3d Cir. 1976).

this case: (1) the skill requisite to perform the legal service properly; (2) the customary fee; and (3) the experience, reputation and ability of the attorneys. In the previous award, an hourly rate of $110 was awarded to Mr. Sherwood. In light of the *Johnson* criteria, that hourly rate is also appropriate and reasonable here.

Complex environmental litigation such as this case requires skills and specialization beyond that possessed by most attorneys in general practice. In order to conduct this case, Mr. Sherwood was required to interact with experts in the biological sciences and to become, to some extent, an expert himself. This expertise was required in the pre-summary judgment stages of the case and also in plaintiffs' continuous monitoring of compliance through defendants' submission of reports to the Court.

Mr. Sherwood possesses the experience, reputation and ability necessary to justify the $110 per hour rate. He graduated from Stanford Law School in 1967 and is a member of the bars of the States of California and Hawaii. Since admission to the bar, Mr. Sherwood has been an attorney for the Legal Aid Society of Hawaii, an Assistant United States Attorney in Hawaii and has been in private practice in Honolulu. While an Assistant United States Attorney and in private practice, he developed some expertise in environmental litigation. Since 1974, he has been staff attorney for the Sierra Club Legal Defense Fund ("SCLDF") in San Francisco and has specialized in major environmental litigation, primarily in federal court.

Though Mr. Sherwood is now a salaried staff attorney for the SCLDF, he indicates that a customary fee for similar work by him in private practice would be at least $110 per hour. Based on this Court's knowledge of customary fees in San Francisco and on Mr. Sherwood's skills, experience and reputation, $110 is awarded as a reasonable hourly rate.

However, the justification for the $110 hourly rate does not apply to the hours spent by Mr. Sherwood on preparation of the fee petitions. Considering the relevant criteria, this Court finds that $75 is a reasonable hourly rate for that work.

The petition also seeks compensation at $75 per hour for William S. Hunt, local counsel in the case. This rate was used for Mr. Hunt in the previous award and, in light of Mr. Hunt's role as local counsel where the same specialization and expertise was not required, his graduation from law school in 1972, admission to the bar of the State of Hawaii in 1973 and experience in general private practice in Honolulu, the $75 hourly rate is reasonable.

b. Reasonable number of hours

Affidavits submitted by plaintiffs indicate that the following *Johnson* criteria are relevant to a determination of a reasonable number of hours:[2] (1) time and labor required; (2) novelty and difficulty of the questions involved; (3) the preclusion of other employment by the attorney due to the decision to pursue the case; and (4) time limitations imposed by the circumstances.

The hours requested in this phase of the work were devoted to the contempt proceeding and to preparation of the first attorneys' fee petition. The 35.25 hours requested for the contempt proceeding necessarily were spent because of defendants' noncompliance with this Court's injunction. Plaintiffs were required to communicate often with defendants concerning the required status reports and then to draft, brief and argue for an order to show cause why defendants should not be held in contempt. In addition, plaintiffs successfully sought a modification of the reporting requirement in an attempt to gain compliance with the injunction.

As plaintiffs pointed out in their initial fee petition, the decision to undertake this lengthy, complex case with the limited staff

---

**2.** Some of the *Johnson* criteria are not relevant to a determination of a reasonable fee in this case. *See Kessler v. Associates Financial Serv-* *ices, Co., Etc.,* 639 F.2d 498, 500, n.1 (9th Cir. 1981).

and resources of the SCLDF precluded the organization from taking other cases. Also, the urgency of obtaining some relief to maintain the Palila and its habitat is relevant to a determination of a reasonable number of hours. Plaintiffs' attorneys were devoting most of their efforts to obtaining compliance with the injunction and the 35.25 hours is reasonable.

All 35.25 hours will be compensated for a total award of $3877.50.

The remainder of the hours requested (78.25) were devoted to the fee petition. Counsel's memorandum and affidavits indicate that only the time and labor required should be considered in determining what is a reasonable number of hours.

■ Work performed in preparing and arguing a fee petition is compensable in an award of reasonable attorneys' fees under 42 U.S.C. § 1988 (Supp.1980). *Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624, 637 (6th Cir. 1979), cert. denied, 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980); *Lund v. Affleck*, 587 F.2d 75, 77 (1st Cir. 1978); *Stanford Daily v. Zurcher*, 64 F.R.D. 680, 683–84 (N.D.Cal. 1974). Though these hours should be compensated, the request is examined carefully to assure that all the hours reasonably were spent. *Johnson, supra*, at 717; *King v. Greenblatt*, 560 F.2d 1024 (1st Cir. 1977), cert. denied, 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978). Considering the relevant criteria, the total number of hours requested is unreasonably high. After careful examination of the time sheets submitted, this Court finds that 40 hours is a reasonable number to be compensated. The total award for preparation of the first fee petition is $3000.00 to SCLDF. In addition, the 2.2 hours requested for William S. Hunt is reasonable and $165.00 is awarded.

As with the first fee award, there is no justification here for adding a bonus or incentive to the award.

### 2. Proceedings on Appeal

The second supplemental petition seeks fees for time spent defending the appeal of this case. Plaintiffs request that the same hourly rate of $110 be used for award of fees for Mr. Sherwood's work on appeal and request such compensation for a total of 192.25 hours.

In a recent case, this Court held that it must consider motions or petitions for fee awards for appellate work and may, in its discretion, award fees for such work. *Suzuki v. Yuen*, 507 F.Supp. 819, 823 (D.Hawaii, 1981). Since plaintiffs prevailed in their defense of the appeal, an award of fees is appropriate under 16 U.S.C. § 1540(g)(4).

In *Suzuki*, the holding that this Court must consider a petition for appellate fees was reached despite recognition that a district court is not in the best position to assess some of the criteria necessary to evaluate the appropriate hourly rate and reasonable number of hours and that the appellate court may revise as it deems appropriate. Also, the *Johnson* criteria were designed for evaluating the reasonableness of an award for trial level work and do not provide fully the basis for evaluating fees for appellate work. Therefore, in *Suzuki*, a list of criteria modified from those in *Johnson* were used for evaluation. Those criteria are: (1) the quality of briefs and oral argument; (2) the time and labor required for preparation of briefs and oral argument; (3) the difficulty of the issues on appeal; (4) the skill requisite to perform the legal service properly; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) awards in similar cases; and (10) the complexity and importance of the case in its posture on appeal.

#### a. Reasonable Hourly Rate

To determine a reasonable hourly rate, the following criteria are examined: (1) the quality of the briefs and oral argument; (2) the skill requisite to perform the legal service properly; (3) the customary fee; (4) the experience, reputation and ability of the attorneys; and (5) the complexity and im-

portance of the case from the view of the appellate court.

The skill requisite to perform the legal service properly and the experience, reputation and ability of Mr. Sherwood indicate that the same hourly rate should be awarded for appellate work as for trial level work. This case was appealed on the ground that summary judgment should not have been granted in that material issues of fact remained at issue. No other legal issues were raised. Mr. Sherwood has requested the same $110 rate and neither the complexity and importance of the issues nor the quality of the briefs or oral argument[3] indicate that the rate should be higher. The $110 rate is awarded for appellate work.

b.  Reasonable Number of Hours

Considering the time and labor required for preparation of briefs and oral argument and the difficulty of the issues on appeal, this Court finds that the number of hours requested is unreasonably high. Mr. Sherwood was involved in this case from its inception and was completely familiar with the record and the relevant law. Therefore, the amount of time (144.75 hours) spent preparing plaintiffs' principal brief is unreasonable.[4] Since the appeal was based solely on the granting of summary judgment, plaintiffs were, in effect, required to reargue to the Ninth Circuit what they already had argued to this Court. In light of that, the hours requested must be reduced and this Court finds that 60 hours is a reasonable number for preparation of the brief.

An additional 11.25 hours is requested for preparing a memorandum in opposition to defendants' motion to stay. As defendants point out, the nearly identical motion was made in this Court and some of the hours compensated by the first fee award were incurred in opposing the stay the first time. Therefore, 11.25 hours seems excessive and is reduced to 5.

The final large block of hours requested is 25 hours for preparation of oral argument and oral argument. As pointed out in *Suzuki, supra,* this number of hours to prepare for oral argument in a case with which counsel is thoroughly familiar is excessive. The hours are reduced to 15, including one hour for argument.

■ Other hours requested were spent reviewing the record, court rules and appellants' brief. Those are reduced from 7 to 5 hours and the 2.25 hours spent on two motions for enlargement of time to file plaintiffs' brief are disallowed. It appears from plaintiffs' affidavit that the defendants also filed such motions for extension of time under an understanding with plaintiffs. Therefore, those hours should not be awarded against defendants.

In addition, plaintiffs are awarded, as part of reasonable attorneys' fees, $621.50 as reimbursement for travel costs from San Francisco to Honolulu for oral argument.

Accordingly, IT IS HEREBY ORDERED that plaintiffs' first supplemental petition for award of attorneys' fees is GRANTED and reasonable attorneys' fees of $6877.50 are awarded to Sierra Club Legal Defense Fund and $165.00 to William S. Hunt and expenses of $638.68 to the Sierra Club Legal Defense Fund.

IT IS FURTHER ORDERED that plaintiffs' second supplemental petition for attorneys' fees on appeal is GRANTED and reasonable attorneys' fees of $9350.00 and expenses of $621.50 are awarded to the Sierra Club Legal Defense Fund.

---

3.  Plaintiffs submitted a copy of their Ninth Circuit brief along with the petition for fees. The oral argument was held in the United States District Court for the District of Hawaii.

4.  This assessment is supported by the fact that plaintiffs first prepared and filed an oversized (70-page) brief even though the Ninth Circuit had not acted on plaintiffs' motion to file an oversized brief. The Ninth Circuit clerk rejected the brief and, after the motion was denied, plaintiffs filed a 50-page brief in accordance with the rules. Though plaintiffs did not request compensation for the additional hours spent reducing the size of the brief, one factor used in reducing the total number of hours requested for brief preparation is the extra time spent writing an oversized brief.