**ORIENTAL FEDERAL SAVINGS AND LOAN ASSOCIATION OF PUERTO RICO, et al., Plaintiffs,**

**v.**

**Rogelio E. CARDONA, et al., Defendants.**

**ORIENTAL FEDERAL SAVINGS AND LOAN ASSOCIATION OF PUERTO RICO, et al., Plaintiffs,**

**v.**

**Faustino R. APONTE, et al., Defendants.**

**Civ. Nos. 81–0243(PG), 81–0266(PG).**

United States District Court, D. Puerto Rico.

Feb. 24, 1984.

Arturo Aponte Pares, Hato Rey, P.R., for plaintiffs.

Manuel A. Sanchez, Edelmiro Salas Garcias, Hato Rey, P.R., for defendants.

Eduardo E. Ortíz, Humacao, P.R., for Pablo Ivan Altieri and Fernando Lozada Rivera.

Ricardo R. Pérez Pietri, Hato Rey, P.R., for Pablo Vázquez Calcerrada.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

This matter is before us for purposes of determining a reasonable amount of attorney's fees awarded to the prevailing party in Civil No. 81–0243. See generally *White v. New Hampshire,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982); *Hall v. Cole,* 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973). The procedural history of this case is well outlined in the unpublished opinion of the United States Court of Appeals for the First Circuit, dated January 7, 1983, at pp. 3–4. On March 1, 1983, plaintiff's attorneys submitted an attested account of time actually spent and duties performed in conjunction with the representation of Ori-

ental Federal Savings and Loan. Plaintiff's attorneys estimate they spent 410 hours in successfully prosecuting this action. Defendants opposed the awarding of attorney's fees on jurisdictional grounds. The opposition was denied on April 18, 1983. No further opposition has been filed and no request for a hearing on the matter has been filed by either party.

We undertake the task of determining a reasonable amount for attorney's fees implementing the "lodestar" method pioneered by the United States Court of Appeals for the Third Circuit and approved by the First Circuit in *Furtado v. Bishop,* 635 F.2d 915 (1st Cir.1980); see *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.,* 540 F.2d 102 (3rd Cir.1976) (en banc).

In general terms, the amount of attorney's fees awarded "should be based on the work performed on the issues in which they [the prevailing parties] were successful." *Miles v. Sampson,* 675 F.2d 5, 8 (1st Cir.1982); *Nadeau v. Helgemore,* 581 F.2d 275, 279 (1st Cir.1978). Also see *Hensley v. Eckerhart,* —— U.S. ——, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Furthermore, while counsel has noted 410 hours of work, we must analyze the type of service rendered by counsel since services which constitute legal work, in a strict sense, should be compensated at a higher level than other types of work. *King v. Greenblatt,* 560 F.2d 1024, 1027 (1st Cir.1977), *cert. denied,* 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978); *Wuori v. Concannon,* 551 F.Supp. 185, 195 (D.Me.1982).

We thus exclude preparation for a hearing that was not scheduled (February 26, 1981), and research regarding plaintiff's attempt to remand the action (March 2, 3, 4, 1981). We take into account apparent duplication of efforts (March 10, 1982)[1]

---

**1.** See *Furtado v. Bishop, supra* at 922; *Souza v. Southworth,* 564 F.2d 609, 612 (1st Cir.1977);

*Wuori v. Concannon, supra* at 193.

and amounts of time which in our estimation were in excess of reasonable.[2]

We eliminated some items completely. The reasons for doing are in our estimation readily apparent.

Both attorneys have been in the private practice of law for over twenty years. Neither attorney has noted what hourly rate he customarily charges for work performed. We will allow $75 an hour for in court time and $25 to $50 an hour for work performed out of court depending upon the nature of the work. See *Maceira, et al. v. Pagán*, 698 F.2d 38, 40 (1st Cir.1983). For example, travel time is compensated at $25 an hour. Meetings with clients is compensated at $50 an hour while *intra* office meetings, study and analysis of motions and memoranda, and drafting of pleadings is compensated at $35 an hour. With this broad scale in mind, and taking into account the vagueries which are apparent in much of attorneys' affidavit, we proceed to grant the following fees for the concomitant effort. We will make reference to each page and item of counsel's motion of March 1, 1983.

### Page

| Item | Date | Compensation |
| --- | --- | --- |
| 1 | 2/6/81 | 2.5 hours at $50; .5 hours at $35 |
| 2 | 2/7/81 | 4.5 hours at $50 |
| 3 | 2/9/81 | 5 hours at $50 |
| 4 | 2/10/81 | 5 hours at $50 |
| 5 | 2/11/81 | 3 hours at $50 |
| 6 | 2/12/81 | 6 hours at $50; 2 hours at $25 |
| **Page 3** | | |
| 7 | 2/13/81 | .5 hours at $75; 3 hours at $50; 4.5 hours at $25 |
| 8 | 2/16/81 | 4 hours at $50 |
| 9 | 2/17/81 | 2 hours at $50; 10 hours at $35 |
| **Page 4** | | |
| 10 | 2/18/81 | 3 hours at $75; 2 hours at $50; 3 hours at $35; 2 hours at $25 |
| 11 | 2/19/81 | 3 hours at $50; 7 hours at $35 |
| 12 | 2/20/81 | 2 hours at $50; 8 hours at $35; 2 hours at $25 |

### Page 5

| Item | Date | Compensation |
| --- | --- | --- |
| 13 | 2/21/81 | 5 hours at $35 |
| 14 | 2/23/81 | 1 hour at $35 |
| 15 | 2/24/81 | .5 hours at $50; 1.5 hours at $35 |
| 16 | 2/25/81 | .5 hours at $50; 1.5 hours at $35 |
| 17 | 2/26/81 | Excluded |
| 18 | 2/27/81 | 5 hours excluded; 5 compensated at $35 an hour |
| **Page 6** | | |
| 19 | 3/2/81 | Excluded |
| 20 | 3/3/81 | Excluded |
| 21 | 3/4/81 | 7 hours excluded; 1 hour at $35 an hour |
| 22 | 3/5–3/6 | 12 hours at $35 |
| **Page 7** | | |
| 23 | 3/9/81 | 3 hours at $50; 3 hours at $35 |
| 24 | 3/10/81 | Excluded |
| 25 | 3/11/81 | 8 hours at $35 |
| 26 | 3/12/81 | 10 hours at $35 |
| 27 | 3/13, 3/16, 3/17, 3/18 | 32 hours at $75 |
| 28 | 3/14/81 | 5 hours at $50; 3 hours at $35 |
| **Page 8** | | |
| 29 | 3/19/81 | 4 hours at $35 |
| 30 | 10/31/81 | 4 hours at $35 |
| 31 | 11/24/81 | 5 hours at $50 |
| 32 | 12/4/81 | 2.5 hours at $35; .5 hours excluded |
| 33 | 12/6/81 | 2 hours at $35 |
| 34 | 12/9/81 | 1 hour at $35 |
| 35 | 12/15/81 | 1 hour at $35 |
| 36 | 12/16/81 | Excluded |
| 37 | 12/22/81 | 1 hour at $25 |
| **Page 9** | | |
| 38 | | 1.5 hours at $35 |
| 39 | | Excluded |
| 40 | | 10 hours at $35 |
| 41 | | 1.5 hours at $35 |
| 42 | | 1.5 hours at $35 |
| 43 | | Excluded |
| **Page 9–10** | | |
| 44 | undated | 10 hours at $25 |
| **Page 10** | | |
| 45 | 12/24/81 | 1 hour at $35 |
| 46 | 12/28/81 | 3 hours at $35 |
| 47 | 12/29/81 | 2 hours at $35 |
| 48 | 12/31/81 | 2 hours at $35 |
| 49 | 1/21/82 | 1 hour at $35 |
| 50 | 1/22/82 | 1 hour at $35 |

**2.** Cf. *Miles v. Sampson, supra; Copeland v. Marshall*, 641 F.2d 880, 892 (D.C.Cir.1980) (en banc); *Wuori v. Concannon, supra* at 193; *Brule v. Southworth*, 552 F.Supp. 1157, 1163 (D.R.I. 1982).

Page 11

| Item | Date | Compensation |
|---|---|---|
| 51 | 1/28/82 | 2.5 hours at $35 |
| 52 | 4/19/82 | 1 hour at $35 |
| 53 | 7/2/82, 7/3/82 | 12 hours at $35 |
| 54 | 7/13/82 | .5 hours at $35 |
| 55 | 7/20/82 to 8/24/82 | 100 hours at $35 |

Page 12

| 56 | 10/12/82 | 10 hours at $35 |
|---|---|---|
| 57 | 10/30/82, 10/31/82 | 8 hours at $25; 4 hours at $35 |
| 58 | 11/1/82 | 1.5 hours at $75 |
| 59 | 1/11/83 | Excluded |

In summation we have reached the following figures:

| | $25.00 | $35.00 | $50.00 | $75.00 |
|---|---|---|---|---|
| p. 2 | 2.0 | .5 | 26 | -- |
| 3 | 4.5 | 10.0 | 9 | .5 |
| 4 | 4.0 | 18.0 | 7 | 3.0 |
| 5 | -- | 14.0 | 1 | -- |
| 6 | -- | 13.0 | -- | -- |
| 7 | -- | 24.0 | 8 | 32.0 |
| 8 | 1.0 | 14.5 | 5 | -- |
| 9 | -- | 14.5 | -- | -- |
| 9–10 | 10.0 | -- | -- | -- |
| 10 | -- | 10.0 | -- | -- |
| 11 | -- | 116.0 | -- | -- |
| 12 | 8.0 | 14.0 | | 1.5 |
| | 29.5 | 248.5 | 56 | 37 |
| | x25 | x35 | x50 | x75 |
| | 1475 | 12225 | | 185 |
| | 590 | 7455 | 2800 | 249 |
| | 637.50 | 8677.50 | 2800.00 | 2675.00 |

These amount to a total figure of $15,390. We will take this final figure and reduce it by 40% which downward adjustment reflects our belief that much of the work involved did not require the service of two attorneys at the same time. See *Pérez v. University of Puerto Rico*, 600 F.2d 1, 2 (1st Cir.1979); cf. *Gabriele v. Southworth*, 712 F.2d 1505, 1507 (1st Cir.1983). Furthermore, some items, such as the one concluding at page 12 with 100 hours, reflect what in our opinion is little more than a ball park estimate which may not be finitely evaluated and categorized by this court.[3]

Following the twelve factors outlined in *King v. Greenblatt, supra,* which are applied in this circuit in the award of fees under 42 U.S.C. § 1988, we note the following:

1) we have already commented upon the time and labor required to prosecute this action; it is clearly manifested in the record; 2) no novel questions of law were presented; 3) no extraordinary skill was required to perform the legal services; 4) attorneys did not abandon the rest of their practice to attend to this case; 5) the customary fee in the community has been considered; 6) whether counsel's fee was fixed or contingent is unknown; 7) time limitations imposed by clients did not apply; 8) the case did not directly involve amounts but rather a power struggle; 9) the experience, reputation and ability of the attorneys is not in question; 10) the undesirability of the case is not a factor; 11) there is an ongoing relationship with the client; 12) we do not take into account awards in similar cases.

For all of the above stated reasons, we hereby award attorney's fees in the amount of NINE THOUSAND TWO HUNDRED AND THIRTY FOUR DOLLARS ($9,234.00).

SO ORDERED.

---

**3.** Cf. *Wojtkowski v. CADE,* 725 F.2d 127 at 129–130 (1st Cir.1984); *Baird v. Bellotti,* 724 F.2d 1032 at p. 1037 (1st Cir.1984).