Mitchell G. KING, Jr., Plaintiff, Appellee,

v.

Milton GREENBLATT et al.,
Defendants, Appellants.

No. 74–1425.

United States Court of Appeals,
First Circuit.

Aug. 15, 1977.

Kathleen King Parker, Asst. Atty. Gen., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., Stephen R. Delinsky, Asst. Atty. Gen., Chief, Crim. Bureau and Barbara A. H. Smith, Asst. Atty. Gen., Chief, Crim. Appellate Section, Boston, Mass., were on brief, for appellants.

John H. Henn, Boston, Mass, with whom Foley, Hoag & Eliot, Boston, Mass., was on brief, for appellee.

Before COFFIN, Chief Judge, LAY, Circuit Judge,* and CAMPBELL, Circuit Judge.

LEVIN H. CAMPBELL, Circuit Judge.

·This is an appeal from the award of $4,000 in attorney's fees to Mitchell B. King, Jr. whose civil rights suit to improve his conditions of confinement at the treatment center for the sexually dangerous at MCI Bridgewater culminated in two June 1974 consent decrees in his favor. On October 29, 1974, several months after the matter was concluded, the district court awarded $4,000 to King's attorney "[f]or ten hours in court and seventy hours of preparation" at a rate of $50 per hour. Defendants—state officials acting in their official capacities—appealed but thereafter withdrew their appeal by permission of this court to seek clarification of the district court's order. While the motion to clarify was before the district court, we decided *Souza v. Travisono,* 512 F.2d 1137 (1st Cir.), *vacated,* 423 U.S. 809, 96 S.Ct. 19, 46 L.Ed.2d 29 (1975). In light of that decision, the district court on April 18, 1975, modified its earlier order and awarded $1,964 to reflect the $30 per in-court hour and $20 per out-of-court hour rate of the Criminal Jus-

tice Act of 1964, 18 U.S.C. § 3006A(d)(1). The appeal from this second order was pending when the Supreme Court decided *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y.,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), and on July 15, 1975, we remanded to the district court for reconsideration in view of *Alyeska.* Because a decision by another judge on substantially the same issue was anticipated, both parties suggested that the district court stay further action. As a result, the case lay dormant until December 22, 1976 when appellee moved that this court revoke its July 15, 1975 remand order on the ground that the order had been mooted by the recently enacted Civil Rights Attorney's Fees Award Act of 1976, Pub.L.No. 94–559, 90 Stat. 2641 (amending 42 U.S.C. § 1988). We denied the motion without prejudice to the district court's giving consideration to the Act's applicability. The district court directed the defendants to show cause why the original $4,000 fee award should not be imposed. After taking briefs on the issue, by order of February 17, 1977, it allowed compensation in the amount of $4,000 incorporating by reference the original October 29, 1974, order, all other proceedings in the district court and this court, and the briefs of the parties in response to the show cause order. The appeal from the February order was consolidated with the prior appeals.

The question is whether "reasonable attorney's fees" as provided by the Civil Rights Attorney's Fees Award Act of 1976 (the Fees Act)[1] are still to be computed at the rate established by the Criminal Justice Act applied in *Souza v. Travisono, supra,* or whether a different standard should apply.[2]

---

*Of the Eighth Circuit, sitting by designation.

1. 42 U.S.C. § 1988 as amended reads in relevant part:

"In any action, or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act

of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." ·

2. We do not accept appellants' threshold claim that the Fees Act may not be applied retroactively because the Commonwealth is the real party in interest and the state treasury will pay the award. In *Martinez Rodriguez v. Jimenez,* 551 F.2d 877, 878–79 (1st Cir. 1977), also a prisoners' rights case, we held, in express agreement with the Eighth Circuit's decision in

Appellants argue that *Souza* established this circuit's standard for reasonable attorney's fees in civil rights cases and that the standard remains unaffected by passage of the Fees Act. Pointing to the district court's finding that this case was not "of truly exceptional public importance" and arguing that the effect of inflation should not be an issue—the services were rendered at approximately the same time as those in *Souza*—appellants urge that the district court's award of $1,964 was the proper amount.

■ When we decided *Souza* there was no statute authorizing "a reasonable attorney's fee as part of the costs" in cases brought under 42 U.S.C. § 1983. The lack of authoritative guidance, the bar's traditional duty to assist in public service litigation regardless of fee, and our concern with possible excessiveness, all dictated a cautious approach. The conservative Criminal Justice Act rates which, while below the going marketplace rates had the imprimatur of legislative approval, seemed most appropriate at the time. Passage of the Fees Act has, however, rendered obsolete the considerations underlying *Souza*. Not only has Congress now provided for attorney's fees awards in civil rights cases, the Act's legislative history leaves no doubt that Congress intended not only that the fees be adequate enough to "attract competent counsel"[3] but "that the amount . .

[would] be governed by the same standards which prevail in other types of equally complex Federal litigation such as antitrust cases".[4] Mechanical application of the Criminal Justice Act fee scale obviously does not meet these criteria, and we shall therefore no longer require adherence to *Souza*.

■ What constitutes a reasonable attorney's fee in a particular case shall rest within the sound discretion of the district court, *see Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974). We shall, however, expect a court to adhere carefully to certain general criteria in making a discretionary award under the Fees Act.

■ The Fifth Circuit's decision in *Johnson v. Georgia Highway Express, Inc., supra*, was cited with approval in the legislative history of the Fees Act and in decisions of the Eighth, Ninth, and D.C. Circuits.[5] *Johnson* listed twelve factors to be considered by district courts in arriving at reasonable fees awards: 1) the time and labor required; 2) the novelty and difficulty of the question presented; 3) the skill required to perform the legal services; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limi-

---

*Finney v. Hutto*, 548 F.2d 740 (8th Cir. 1977), that the Fees Act would apply to cases on direct appeal at the time the Act was passed and that the eleventh amendment did not bar awards under the Act. The Fifth Circuit has since adopted the same view, *Rainey v. Jackson State College*, 551 F.2d 672, 675–76 (5th Cir. 1977), and the Ninth Circuit, while not discussing the eleventh amendment issue, has held that the Fees Act applies to pending actions, *Stanford Daily v. Zurcher*, 550 F.2d 464, 465–66 (9th Cir. 1977). That the taxpayers will have to pay does not constitute manifest injustice so as to avoid the rule of *Bradley v. Richmond School Board*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974). Appellants "would not have ordered their conduct differently if they had known the new statute was going to apply." *Martinez Rodriguez v. Jimenez, supra*, 551 F.2d at 878 n.4, *citing Bradley v. Richmond School Board, supra*, 416 U.S. at 716–21, 94 S.Ct. 2006.

**3.** S.Rep. No. 1011, 94th Cong., 2d Sess. 6 *reprinted in* [1976] U.S. Code Cong. & Admin. News 5908, 5913; H.Rep. No. 1558, 94th Cong., 2d Sess. 9 (1976).

**4.** S.Rep. No. 1011, *supra* at 6, [1976] U.S. Code Cong. & Admin. News at 5913.

**5.** Although not necessarily in civil rights cases where the Fees Act applies, these decisions all dealt with the award of "reasonable" fees as provided for by statute. *See Finney v. Hutto*, 548 F.2d 740, 742 (8th Cir. 1977) (Fees Act); *Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976) (Labor-Management Relations Reporting and Disclosure Act); *Evans v. Sheraton Park Hotel*, 164 U.S.App.D.C. 86, 503 F.2d 177, 188 (1974) (Title VII).

tations imposed by client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation and ability of the attorney; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; 12) awards in similar cases. *Id.* at 717–19. These criteria are similar to those in the ABA Code of Professional Responsibility[6] and we approve them for use in Fees Act cases within this circuit with the following observations.

■ As a starting point the attorney or attorneys must submit to the court a detailed record of the time spent on the case and the duties performed. *See Stanford Daily v. Zurcher*, 64 F.R.D. 680, 682 (N.D. Cal. 1974), *aff'd*, 550 F.2d 464 (9 Cir. 1977). The court must secure from the attorneys a full and specific accounting for their time; bills which simply list a certain number of hours and lack such important specifics as dates and the nature of the work performed during the hour or hours in question should be refused. Furthermore, "[a]n attorney's record of time is not a talisman", *Rainey v. Jackson State College*, 551 F.2d 672, 677 (5th Cir. 1977); the district court should scrutinize it with care.

"The trial judge should weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities. If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized. The time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted. It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it."

*Johnson v. Georgia Highway Express, Inc., supra,* 488 F.2d at 717.

■ Once the time and labor required have been fully evaluated, the district court should apply the relevant *Johnson* criteria in arriving at a reasonable fee. In so doing, it would be helpful for the court to set out in the record the basis for the award and any pertinent findings of fact. *See, e. g., Stanford Daily v. Zurcher, supra.* Care obviously should be taken to avoid excessive fees. The "normal" per hour rate in a locale is itself an artificial construct. Actual bills will frequently be lower, sometimes much lower, than that rate might indicate; on exceptional occasions they may however exceed it. While the modest Criminal Justice Act rates might allow a more mechanical application, an assumed marketplace rate is never to be applied across the board

---

6. Ethical Consideration 2–18 reads in relevant part,

"The determination of the reasonableness of a fee requires consideration of all relevant circumstances, including those stated in the Disciplinary Rules [set out below]. The fees of a lawyer will vary according to many factors, including the time required, his experience, ability, and reputation, the nature of the employment, the responsibility involved, and the results obtained. . . ." [Footnote omitted.]

Disciplinary Rule 2–106(B) provides:

"A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent."

without regard to the difficulty of the work, the results achieved and all other relevant factors.

■ There remains the question of the disposition of the matter before us. We have reviewed the record with care and conclude that the $4,000 award was reasonable under the *Johnson* criteria. The case involved important issues; the results were distinctly beneficial and peculiarly dependent upon the work of counsel; and there are findings that the attorney performed with commendable diligence and ability. While the court used a $50 an hour yardstick, it appears that more than 80 hours was actually spent by the attorney; we are satisfied that the award was not computed mechanically and that it reflects an appropriate sensitivity to relevant considerations. Bearing in mind that the fees issue has remained unresolved since 1974, we believe it both unnecessary and unduly burdensome to remand to the district court for yet a further round of consideration. We therefore affirm.

*Affirmed.*