Helen H. REYNOLDS, Plaintiff,
Appellant,

v.

Patrick F. COOMEY et al.,
Defendants, Appellees.

No. 77–1359.

United States Court of Appeals,
First Circuit.

Argued Dec. 7, 1977.

Decided Jan. 5, 1978.

James C. Gray, Jr., New York City, with whom Jack Greenberg, Charles Stephen Ralston, and Bill L. Lee, New York City, were on brief, for appellant.

William A. Brown, Asst. U. S. Atty., Chief, Civ. Div., Boston, Mass., with whom Edward F. Harrington, U. S. Atty., Boston, Mass., was on brief, for appellees.

Before COFFIN, Chief Judge, ALDRICH and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

This case involves the award of attorney's fees and costs under 42 U.S.C. § 2000e–5(k).

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

Plaintiff, a black female employed by the federal government, brought an individual employment discrimination suit pursuant to the 1972 Amendments to Title VII, 42 U.S.C. § 2000e–16. The case was settled prior to trial on terms favorable to plaintiff. The district court specifically found "that the plaintiff is a 'prevailing party' within the meaning of the statute." Plaintiff's lead counsel was awarded $2,500 in fees for 102.5 hours of work, but the district court denied other counsel any fees, although there was a claim of 136.2 hours of work. Lead counsel was a private practitioner and other counsel were NAACP Legal Defense Fund staff attorneys. The plaintiff was not awarded any costs, as distinct from attorney's fees.

The appeal focuses on the denial of the district court to award any attorney's fees to other counsel and its failure to award costs to plaintiff.[1]

 Although the district court quite properly used *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974), as a guide in determining the amount of attorney's fees, its opinion was rendered prior to our decision in *King v. Greenblatt*, 560 F.2d 1024 (1st Cir. 1977). In *Greenblatt*, we reviewed *Johnson* and also considered *Stanford Daily v. Zurcher*, 64 F.R.D. 680, 682 (N.D.Cal.1974), *aff'd*, 550 F.2d 464 (9th Cir.), *cert. granted*, — U.S. —, 98 S.Ct. 52, 54 L.Ed.2d 70 (1977), and *Rainey v. Jackson State College*, 551 F.2d 672, 677 (5th Cir. 1977), in setting forth the factors to be considered by a district court in determining reasonable attorney's fees in the civil rights field. While our discussion in *Greenblatt* did not focus on the precise question involved here, we think it made clear that where more than one attorney represents the prevailing party, the contribution of all attorneys must be taken into consideration and the fees awarded should reflect the efforts of all, at least to the extent that the time reported does not reflect duplication of effort or work that would be performed by nonlawyers. *King v. Greenblatt, supra*, at 1027. We see no basis for omitting NAACP Legal Defense Fund. Attorney's fees are, of course, to be awarded to attorneys employed by a public interest firm or organization on the same basis as to a private practitioner. *Hoitt v. Vitek*, 495 F.2d 219 (1st Cir. 1974); *Natural Resources Defense Council, Inc. v. Environmental Protection Agency*, 484 F.2d 1331 (1st Cir. 1973); *Knight v. Auciello*, 453 F.2d 852 (1st Cir. 1972).

The district court in its opinion did not discuss costs as distinct from attorney's fees at all.

We remand for a determination of reasonable attorney's fees as to other counsel in the light of *Greenblatt* and a consideration of whether or not costs, as distinct from attorney's fees, should be awarded to plaintiff and, if so, in what amount.

*So Ordered.*

---

1. Lead counsel had originally appealed from the $2,500 award as being unreasonably low, but we were informed at oral argument that this has now been settled. The reason stated for the acceptance of the $2,500 was because of lead counsel's retirement at the end of 1977 and his desire to avoid possible complications with the Social Security law. The amount of lead counsel's fee is, therefore, not before us.