In re ELKINS ENERGY CORPORA-
TION, Debtor.

Bankruptcy No. 79–00063–B.

United States Bankruptcy Court,
W. D. Virginia,
Big Stone Gap Division.

April 6, 1981.

James E. Nunley, Bristol, Va., and Robert T. Copeland, Abingdon, Va., for debtor.

James Elliott, Jr., Abingdon, Va., for Creditors' Committee.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

Before the Court is an application under Rule 219 for allowance of counsel fees to the Debtor's Counsel. The Court heard and now having maturely considered the evidence relating to the application finds as follows:

1. that James E. Nunley, Esq. and Robert T. Copeland, Esq., Co-Counsel for the Debtor commenced their representation in this Chapter 11 proceeding prior to the filing of the petition on August 3, 1979;

2. that at the time of the petition the Debtor had in the past and continued to suffer financial stress due to apparently wrongful actions of prior officers and the condition of the coal industry generally in which it was engaged to the extent that its creditors were threatening foreclosure and liquidation;

3. that such actions would have resulted in closing down its operation thereby terminating employment for seventy or eighty employees and liquidation;

4. that following the filing of the petition herein and the invocation of the stay, the Debtor was able to obtain and accumulate operating capital to aid its cash flow, continue its operation, meet its payroll and gross approximately $1,000,000.00 per month during the pendency of this case;

5. that counsel successfully negotiated with its major secured creditors a refinancing agreement which benefitted the Debtor and all creditors and effectively resulted in the presentation, acceptance and confirmation by the Court of a plan which will enable the Debtor to pay all creditors 100% of their claims and become a rehabilitated and viable entity in the coal industry;

6. that among the numerous hearings and other proceedings relating to the case were twelve complaints of sundry nature, questions of tax liability, objections to numerous claims of creditors, as well as many intricate and complex legal questions requiring prompt and effective action which counsel successfully and competently dealt with;

7. that according to the application for allowance, Counsel together expended a total of 1693 hours both in and out of Court in their representation of the Debtor in their preparation and filing of petition on August 3, 1979 to date and certifies expenditures of reimbursable expense of $6,537.07;

8. that the sum allowed herein includes substantial additional time which will be required on the part of counsel to resolve by trial or compromise several large claims with extensive and complex factual and legal questions;

9. that counsel in this case, was dealing with a debtor conducting a multimillion dollar coal operation which commanded an inordinate amount of time away from counsel's other clients and possibly to the neglect of their usual law office service to their regular clients;

10. that the service rendered to this debtor was of the highest professional standard and competency resulting in a successful plan of reorganization being confirmed in a case where counsel with less knowledge and skill in cases of this nature would have likely filed a Chapter 7 liquidation case resulting in general creditors receiving virtually nothing and in some instances, secured creditors receiving payment of only a portion of their claims.

The guidelines in the fixing of fees by this Court are set forth in Rule 219(c)(1) and (3) which state as follows:

"*(1) General.* The compensation allowable by the court to a trustee, receiver, marshal, attorney, accountant, or other person entitled to compensation for services rendered in the administration of a bankrupt estate shall be reasonable, and in making allowances the court shall give due consideration of the nature, extent, and value of the services rendered as well as to the conservation of the estate and the interests of creditors."

"*(3) Attorney or Accountant.* Compensation may be allowed an attorney or an accountant only for professional services."

The classic standard generally used by the courts in fixing attorneys fees are as follows:

"(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."

See *In re First Colonial Corporation of America* (5th Cir. 1977) 544 F.2d 1291, Cert. Den'd 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388; 6 *Remington* § 2673 and cases therein cited.

As set forth in the statement of facts bearing on the application this Court finds that the professional skill, ability and time consumed by counsel in this case was of a nature not routine and in some instances required knowledge and skill not possessed by counsel unfamiliar with proceedings in this Court. These factors and considerations have been fully dealt with in the Fourth Circuit Court of Appeals in *In re Farrington Manufacturing Company, etc.*[1] (4th Cir. 1976) 540 F.2d 653, 8 C.B.C. 311 in

---

[1]. In *Farrington* a Chapter X was unsuccessful, aborted and liquidation followed. Counsel requested $673,200.00 fees and $36,000.00 expenses. The SEC recommended $575,000.00. The Bankruptcy Judge recommended $450,000.00. The District Court allowed a fee of $350,000.00 and the Fourth Circuit reversed as inadequate.

which case the Court of Appeals set forth the following standards which the Court must consider:

1. time spent,
2. character of the services rendered,
3. results achieved,
4. size of the estate,
5. evidence relating to the services rendered, and
6. the economic spirit of the act itself.

The case at bar arising under the Bankruptcy Act of 1898 is governed by "the economic spirit" standard. Not applicable hereto but a matter of note, the economic spirit criteria is omitted in the Bankruptcy Reform Act of 1978.

In another case *Polly Ann Barber v. Kimbrells, Inc., etc.*[2] (4th Cir. 1978) 577 F.2d 216 the Fourth Circuit elaborated upon the previous standard and criteria in the following language:

"A number of circuits, following the lead of the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (1974), have announced that their district courts are to consider and make detailed findings with regard to twelve factors relevant to the determination of a reasonable attorneys' fee. We agree that these factors must be considered by district courts in this circuit in arriving at a determination of reasonable attorneys' fees in any case where such determination is necessary; and in order to make review by us effective, we hold that any award must be accompanied by detailed findings of fact with regard to the factors considered."

In a footnote the Court inserted the following:

"*See King v. Greenblatt,* 560 F.2d 1024 (1 Cir. 1977), *petition for cert. filed,* (November 14, 1977); *Finney v. Hutto,* 548 F.2d 740 (8 Cir. 1977), *cert. granted,* 434 U.S. 901 [98 S.Ct. 295, 54 L.Ed.2d 187] (October 18, 1977); *Kerr v. Screen Extras Guild,* 526 F.2d 67 (9 Cir. 1975), *cert. denied,* 425 U.S. 951 [96 S.Ct. 1726, 48 L.Ed.2d 195] (1976); *Evans v. Sheraton Park Hotel,* 503 F.2d 177 (D.C.Cir.1974).

These include: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases."

Accordingly, this Court having carefully reviewed the application and facts surrounding the same concludes that under the standard set forth herein and no objections having been interposed by any party upon hearing after due notice, the fee requested by Counsel which is not predicated upon time alone, it being only one factor; is reasonable, and it is accordingly

## ORDERED

that a fee be, and the same is hereby fixed for all services rendered herein by Counsel in the sum of $98,631.00 with reimbursable expenses of $6,537.07 less $30,000.00 heretofore allowed and paid.

---

**2.** See also application of this criteria in *Allen-Carini v. U. S.* (4th Cir. 1979) 606 F.2d 432.