**Kathie BOUDIN, Petitioner,**

v.

**Dale THOMAS, et al., Respondents.**

**No. 81 Civ. 7190 (KTD).**

United States District Court,
S.D. New York.

March 22, 1983.

See also 554 F.Supp. 703.

Martin Garbus, New York City, for petitioner; Rabinowitz, Boudin, Standard, Krinsky & Lieberman, P.C., New York City, of counsel.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City, for respondents; Carolyn Simpson, Asst. U.S. Atty., New York City, of counsel.

KEVIN THOMAS DUFFY, District Judge:

On December 14, 1982, I granted petitioner's motion for attorneys' fees under the Equal Access to Justice Act. Since that date, I have received submissions from both sides as to the proper amount of the award.

---

In her application for fees, petitioner was obligated to "provide the court with contemporaneous time records indicating not only the number of hours worked, but also the matters involved." *McCann v. Coughlin,* 698 F.2d 112 at 131 (2d Cir.1983). After a thorough review of the records, it appears that petitioner has met her burden as to 1006.4 hours for work performed by lawyers Garbus, Rabinowitz, Stone, Winner, Bass and Lobel.[1] In my December 14, 1982 opinion I restricted petitioner's award to $75.00 per hour. Application of this fee restriction would still amount to an award of $75,480.00. I have no doubt that petitioner's lawyers (Mr. Garbus was the only lawyer of record) expended the above hours in support of Ms. Boudin's habeas corpus petition. The veracity of the time sheets, however, is not the only determining factor in a fee award application. Other relevant factors include:

1) the time and labor required, 2) the novelty and difficulty of the legal issues raised, 3) the level of skill required, 4) the preclusion of other employment by the attorney due to acceptance of the case, 5) the customary fee in the community, 6) whether the fee is fixed or contingent, 7) the time limitations imposed by the client or circumstances, 8) the amount at stake in the action and the results obtained, 9) the experience, reputation and ability of the attorney, 10) the "undesirability" of the case, 11) the nature and length of the professional relationship with the client, and 12) awards in similar cases. *See also Fountila v. Carter,* 571 F.2d 487, 496 (9th Cir.1978); *King v. Greenblatt,* 560 F.2d 1024 (1st Cir.1977), *cert. denied,* 438 U.S. 916 [98 S.Ct. 3146, 57 L.Ed.2d 1161] (1978); *Finney v. Hutto,* 548 F.2d 740, 742 (8th Cir.1977), *aff'd,* 437 U.S. 678 [98 S.Ct. 2565, 57 L.Ed.2d 522] (1978).

1. This figure is a compilation of the hours worked on the Boudin habeas corpus petition that were supported by documentation:

| | | |
|---|---|---|
| Martin Garbus | 233.5 | hours |
| Victor Rabinowitz | 37 | hours |
| Katherine Stone | 353 | hours |
| Ellen Winner | 245.65 | hours |

*Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974); *quoted in McCann v. Coughlin,* at 130 n. 19.

■ Ms. Boudin's petition for habeas corpus was founded on a novel fact pattern. It did not, however, raise complex or difficult legal issues. Rather, it involved the application of a clearly delineated legal standard to the given facts. I recognize Mr. Garbus's legal ability, the conscientiousness of the legal team, and the time constraints placed on all the lawyers. I do not recognize, however, the need for the enormous amounts of time and labor exerted on Ms. Boudin's behalf. The time devoted to the petition was obviously excessive in light of the petition presented to the court and its legal issues. It would be unreasonable to award counsel fees for more than half of the hours worked. Accordingly, the fee of $75,480.00 is hereby reduced to $37,740.00.

■ Petitioner also seeks a $4,592.05 award for the expert fees of Messrs. Rundle, Schoen, Greco, Pachoda, and Kamka. Again, I do not doubt that these gentlemen performed services in connection with Ms. Boudin's habeas corpus petition. However, the necessity of incurring any of these costs has not been satisfactorily substantiated. Petitioner placed no financial limitations on the prosecution of her claim. She cannot now expect the United States Government to reimburse counsel for their extravagance. Accordingly, Ms. Boudin's request for expert fees is denied.

In sum, petitioner is awarded $37,740.00 in attorneys' fees. This award, although sharply reduced from what is sought, represents a reasonable assessment of the legal efforts necessary to litigate Ms. Boudin's petition.

SETTLE JUDGMENT.

| | | |
|---|---|---|
| Emily Bass | 113.25 | hours |
| Jules Lobel | 24 | hours |

Petitioner did not submit any contemporaneous time records for either Haywood Burns or Anne-Miriam Hart. Accordingly, the hours worked by these lawyers is not included in my 1006.4 hour total.