**Thomas C. BROUSSARD, Jr., Plaintiff,**

v.

**CACI, INC.—FEDERAL, Andrew Blackwell, Michael Holshey, Richard Katz and Michael June, Defendants.**

**No. 83–0170 P.**

United States District Court,
D. Maine.

April 15, 1986.

Michael A. Feldman, Brunswick, Me., William Cowin, Friedman & Atherton, Boston, Mass., for plaintiff.

Richard S. Cohen, U.S. Atty., Joseph H. Groff, III, Asst. U.S. Atty., Portland, Me., for defendants Richard Katz and Michael June.

George Z. Singal, Minsky, Mogal and Singal, Bangor, Me., Michael S. Friedman, Jeffrey P. Elefante, Caci, Inc.—Federal, Arlington, Va., Virginia G. Watkin, Douglas S. Abel, Covington & Burlington, Washington, D.C., for defendants Caci, Inc.—Federal, Andrew Blackwell and Michael Holshey.

## MEMORANDUM OF DECISION AND ORDER ON SUPPLEMENTAL MOTION OF DEFENDANTS FOR ATTORNEYS' FEES AND COSTS

GENE CARTER, District Judge.

Presently before the Court are the supplemental motions of Defendant CACI, Inc.—Federal ("CACI") and of Defendants Michael Holshey and Andrew Blackwell for attorneys' fees and costs, pursuant to 42 U.S.C. § 2000e–5(k). The motion of Holshey and Blackwell seeks $2,990 in fees and $38.63 in disbursement costs, while the CACI motion requests $12,809.75 in fees and $1,562.69 in costs.

These supplemental motions arise from the Memorandum of Decision and Order on Defendants' Motion for Attorneys' Fees and Costs, dated February 21, 1986, 629 F.Supp. 413 (D.Me.1986). In that decision, this Court concluded that Plaintiff Thomas G. Broussard, Jr. ("Broussard") had filed a frivolous and unreasonable Title VII claim of gender discrimination against Defendants, and that Defendants therefore were entitled to an award of attorneys fees and costs pursuant to 42 U.S.C. § 2000e–5(k)(1976). Because of insufficient docu-

mentation by Defendants of the work performed by each attorney, the Court ordered that Defendants

> submit new, comprehensive and free-standing motions and affidavits, justifying an award of attorneys' fees and costs. Such motions and affidavits shall include the following:
>
> (1) The specific number of hours worked by each of the attorneys, on behalf of each of the three Defendants, in the defense of the Title VII claims of the Complaint;
>
> (2) The rate charged by each attorney for the work described;
>
> (3) The dates on which such work was performed;
>
> (4) The specific tasks performed on those various dates;
>
> (5) For attorneys Singal and Watkin, a description of tasks performed which indicates whether or not any of the efforts were duplicative;
>
> (6) For attorney Singal, separate documentation for each Defendant he represented as litigation counsel.

Defendants have submitted supplemental motions in response to this order, with accompanying affidavits of Attorneys Douglas S. Abel and George Z. Singal on behalf of CACI and of Attorney John T. Boese on behalf of Holshey and Blackwell. Nevertheless, because of several instances of noncompliance with standards for setting an award of attorneys' fees and costs, as enunciated in the Order of February 21, 1986 and as set out in several court decisions cited in that order, the Court is disposed to adjust the requested award of fees and costs accordingly. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Miles v. Sampson*, 675 F.2d 5, 8 (1st Cir.1982); *King v. Greenblatt*, 560 F.2d 1024, 1026–27

(1st Cir.1977); *Wuori v. Concannon*, 551 F.Supp. 185 (D.Me.1982).

As set out in *Miles v. Sampson*, 675 F.2d at 8, the first task for the Court is to determine a "lodestar" fee by "multiplying a reasonable hourly rate by the number of hours reasonably expended on the lawsuit." The Court in *Wuori v. Concannon*, 551 F.Supp. at 195, arrived at this figure of a reasonable rate and time by subtracting inefficient time spent and setting rates according to the level of expertise required for various tasks. Finally, while the Court in *King v. Greenblatt*, 560 F.2d at 1026–27, set out a dozen factors to weigh in determining a reasonable fee award, such as the labor and skill required, the novelty of the issue, and the customary community fee, most of the factors cited fall within the general initial calculation of reasonable hours and rate. *Hensley v. Eckerhart*, 461 U.S. at 434 n. 9, 103 S.Ct. at 1940 n. 9.

### A.

Turning to the question of a reasonable hourly rate, the Court acknowledges the skill and experience of the attorneys representing the Defendants. Nevertheless, two other factors point to a necessary adjustment in the requested rate in this instance: first, the skill required to address a non-novel Title VII claim that was obviously questionable; and second, the customary rate that is charged in the Maine community.[1] *King v. Greenblatt*, 560 F.2d at 1026–27. A reasonable hourly rate for the primary legal services[2] of the attorneys, therefore, will be set as follows:

| | |
|---|---|
| Mr. Singal | $85 (eighty-five) |
| Ms. Watkin | $125 (one hundred twenty-five) |
| Mr. Abel | $100 (one hundred) |

that Plaintiff's Title VII claim was not novel and was obviously questionable from the outset.

---

**1.** Ms. Watkin, Mr. Abel, Mr. Boese and Mr. Feidelman all claim hourly rates in excess of the rate charged by Mr. Singal. While a customary fee in the Washington, D.C. community clearly exceeds the fees generally charged in Maine for legal services, countervailing factors point to a reduction in the requested rate. The primary basis for such a reduction is the fact

**2.** The hours encompassing Mr. Singal's travel time to and from Washington, D.C. do not represent primary legal services, and will be compensated at twenty-five (25) dollars per hour.

Mr. Boese     $100 (one hundred)
Ms. Kaczynski    $50 (fifty) [3]

B.

The number of hours reasonably expended must next be determined.

The itemization of work by the CACI attorneys sets out 83.65 hours for Mr. Singal. As noted *supra,* eighteen of these hours are deemed travel time and will be compensated at a secondary rate. Moreover, two hours of Mr. Singal's work in preparing the pretrial memo will be stricken as duplicative, as this was stated to be a task allocated to Ms. Watkin and Mr. Abel. See Abel Affidavit, ¶ 6.

The requested award for Mr. Abel will be reduced by one hour, as he appears to have engaged in research on at least one occasion which was duplicative of that already performed by Mr. Singal.

A more significant adjustment must be made in the award request submitted by the attorneys for Holshey and Blackwell. Mr. Boese consulted with Blackwell and Holshey regarding several allegations of the complaint in addition to the Title VII count. Boese Affidavit ¶ 2. Nevertheless, Mr. Boese apparently seeks an award for all the time spent in assisting these clients, rather than just for that amount of time spent in defense of the Title VII counts. In support of this position, Mr. Boese states that "in view of the nature of the allegations, the time billed to Messrs. Blackwell and Holshey was, directly or indirectly, related to the Title VII claims against them." Boese affidavit, ¶ 2. Such a vague intermingling of the tasks, and the lack of reference in the itemization to the work which directly addressed the Title VII questions, prevents the Court from accepting in its entirety the request of Holshey and Blackwell for attorneys' fees. The requested award of Holshey and Blackwell, therefore, will be reduced by twenty-five percent.

Having already determined the reasonable hourly rates to be charged, the Court concludes, in accordance with *Hensley* and *Wuori, supra,* that the number of hours reasonably expended by counsel in this matter and the resultant awards are as follows:

| | Attorney | Reasonable Hrs. | Reasonable Rate | Award |
|---|---|---|---|---|
| CACI | Mr. Singal | 63.65 | 85.00 | 5,410.25 |
| (travel) | Mr. Singal | 18.0 | 25.00 | 450.00 |
| | Ms. Watkin | 30.5 | 125.00 | 3,812.50 |
| | Mr. Abel | 7.0 | 100.00 | 700.00 |
| | | Total Award (CACI) | | $10,372.75 |
| Blackwell | Mr. Boese | 9.86[4] | 100.00 | 986.00 |
| and | Ms. Kaczynski | 8.9 | 50.00 | 445.00 |
| Holshey | | Total Award (Blackwell and Holshey) | | $1,431.00 |

For the foregoing reasons, it is hereby ORDERED:

(1) that Plaintiff Thomas G. Broussard, Jr. pay to Defendant CACI, Inc.—Federal a reasonable award of attorneys' fees in the amount of $10,372.75, and an award of disbursement costs of $1,562.69;

(2) that Plaintiff Thomas G. Broussard, Jr. pay to Defendants Michael Holshey and Andrew Blackwell a reasonable award of

**3.** The work of Ms. Ramiu on behalf of CACI and of Mr. Feidelman on behalf of Holshey and Blackwell represents mere intra-office tasks and management and will not be included in the Court's fee award.

**4.** As noted *supra,* Mr. Boese's claim for hours worked has been reduced by twenty-five per-

cent. In addition, the claim for work performed on July 7, 1983 has been divided evenly between Mr. Boese and Ms. Kaczynski, since Mr. Boese did not provide an itemized breakdown of work performed by each attorney for that day.

attorneys' fees in the amount of $1,431.00, and an award of disbursement costs of $38.63.

SO ORDERED.

