**FEDERAL DEPOSIT INSURANCE CORP., in its corporate capacity, Plaintiff,**

v.

**Luis MARTINEZ ALMODOVAR, et al., Defendants.**

**No. Civ. 80–1551 (PG).**

United States District Court, D. Puerto Rico.

Oct. 19, 1987.

See also, 671 F.Supp. 851.

Stanley L. Feldstein, San Juan, P.R., for plaintiff.

Roberto J. Matos, Hato Rey, P.R., for defendants.

OPINION AND ORDER

PEREZ-GIMENEZ, Chief Judge.

Here we are to determine a reasonable amount of attorney's fees awarded to plaintiff in our Opinion and Order of August 24, 1987. *See generally, Hall v. Cole,* 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973); 6 Moore's Federal Practice ¶ 54.78[3] (2d ed. 1972). On September 3, 1987, plaintiff's attorneys submitted an unsworn declaration under penalty of perjury setting forth the number of service hours rendered to their client and the hourly rates charged for such services. A hearing with respect to such fees was held on October 5, 1987. Defendants' attorneys expressed absolutely no opposition to the estimates of plaintiff's attorneys.

To determine a reasonable amount of attorney's fees we must implement the "lodestar" method as construed by the U.S. Court of Appeals for the First Circuit, *see, e.g., Miles v. Sampson,* 675 F.2d 5 (1st Cir.1982); *Furtado v. Bishop,* 635 F.2d 915 (1st Cir.1980), keeping in mind the twelve factors expressed in *King v. Greenblatt,* 560 F.2d 1024, 1026 (1st Cir.1977). Under this method, we must first find the "lodestar" or reasonable hourly rate for each attorney and for the type of work he or she performed.

Plaintiff's attorneys, several lawyers from one law firm, charged $60.00 per hour of an associate's work and $100.00 per hour of a partner's work. According to the testimony of one of plaintiff's attorney during the fees hearing, these rates were actually lower than the regular fees charged by the firm during the relevant period. Such discount rates were offered because (1) payment was insured by their client, and (2) such special treatment is usually given to government agencies. Moreover, we believe these rates did not depart from those "prevailing in the community for similar work" at the time period in question. *Maceira v. Pagán,* 698 F.2d 38, 40 (1st Cir.1983). In light of such facts, and in the absence of defendants' opposition, we must thus conclude that the rates are reasonable, *see generally, Grendel's Den, Inc. v. Larkin,* 749 F.2d 945, 955 (1st Cir.

**402**

1984), and we find no need to adjust them up or down to reflect special factors not already taken into account. *Cf., Miles v. Sampson,* 675 F.2d 5 (1st Cir.1982); *Furtado v. Bishop,* 635 F.2d 915 (1st Cir.1980).

To arrive at the reasonable amount of attorney's fees, these "lodestar" rates are then multiplied times the number of hours reasonably worked—which may in some cases be less than the hours reportedly worked. *Maceira,* 698 F.2d at 39. Here, however, such is not the case. A summary of hours worked, based on the quarterly bills plaintiff's attorneys sent to their client, shows:

| Quarter Ended | Hours | | Total Charges |
| --- | --- | --- | --- |
| | Partners | Associates | |
| 9–30–81 | 1.25 | 19.75 | $ 1,310.00 |
| 12–31–81 | 4.00 | 9.75 | 985.00 |
| 2–28–82 | 10.25 | 18.25 | 2,120.00 |
| 5–31–82 | 28.25 | 16.25 | 3,800.00 |
| 8–31–82 | 41.00 | 29.75 | 5,885.00 |
| 11–30–82 | 43.25 | 31.50 | 6,215.00 |
| 2–28–83 | 49.50 | 51.00 | 8,010.00 |
| 5–31–83 | 31.25 | 38.75 | 5,450.00 |
| 8–31–83 | 65.25 | 32.25 | 8,460.00 |
| 11–30–83 | 104.25 | 60.00 | 14,025.00 |
| 2–29–84 | .25 | 12.00 | 745.00 |
| | 378.50 | 319.25 | $57,005.00 |

After careful consideration of these detailed, contemporaneous bills, we believe the fees charged were reasonable. *See generally, Grendel's Den, Inc.,* 749 F.2d at 952–954. As corroborated by testimony of plaintiff's attorneys, these fees reflect no duplication of efforts. Moreover, such bills were zealously scrutinized by a client who is very cost conscious. Unreasonable or excessive charges would have not been tolerated by the FDIC.

Thus, as shown above, by multiplying the hours reasonably worked times the "lodestars", we arrive at the sum of $57,005.00, one we believe to be a reasonable amount of attorney's fees to be awarded.

For all of the above stated reasons we hereby award attorney's fees for plaintiff in the amount of Fifty-Seven Thousand and Five Dollars ($57,005.00).

IT IS SO ORDERED.