In re Frank GIORGIO, Pauline Giorgio Debtors.

John BOYAJIAN, Trustee Plaintiff,

v.

Alan J. DeFUSCO and Anita DeFusco, individually and in their capacities as co-executors of the Estate of Pasco DeFusco Defendants.

Bankruptcy No. 8300260.
Adv. No. 840016.

United States Bankruptcy Court,
D. Rhode Island.

May 26, 1989.

Louis A. Petrarca, Jr., Petrarca & McGair, Warwick, R.I., for debtors.

Andrew S. Richardson, Boyajian, Harrington & Richardson, Providence, R.I., for trustee.

William J. McGair, Providence, R.I., for Alan DeFusco.

## ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Heard on May 10, 1989, on the Application of Andrew Richardson for Allowance of Attorney's Fees in the above entitled adversary proceeding. William McGair, Esq., attorney for the DeFuscos, objects to the $36,337.50 fee request in its entirety, arguing, *inter alia,* that because this adversary proceeding was one which the plaintiff ultimately lost, with no recovery for the estate, no attorney fees should be allowed, period. We will begin by announcing our disagreement with Mr. McGair's argument that because, on appeal, the applicant was unsuccessful, he ipso facto should be denied all compensation. That proposition flies in the face of fairness, and would seriously deter most other counsel from pursuing meritorious litigation, where the contingent fee incentive is the only key to the courthouse for many debtors, and creditors, as well.

Having said that, however, based upon the arguments of counsel, as well as a consideration of the legal services documented in the fee application, we find that the request should be reduced, for the following reasons:

1. The Court is unable to distinguish many of the services rendered by the applicant from those that were or should have been performed by the Trustee. This is due to the failure of the applicant to submit statements detailing separately the services rendered by the Trustee and his counsel.

2. The contingent nature of this adversary proceeding, in light of the final result, dictates that the requested fee be reduced. *See, e.g., Grendel's Den, Inc. v. Larkin,* 749 F.2d 945 (1st Cir.1984) ("[T]he court must consider whether an upward or downward adjustment should be made 'to reflect the contingent nature of any fee ...'" *Id.*

at 951 (citing *Furtado v. Bishop,* 635 F.2d 915, 920 (1st Cir.1980))). The straight $125 hourly rate requested does not reflect the result at all, but in our deliberations we are required to pay close attention to the final outcome.

3. On the basis of the record, we (obviously) approved of and agreed with the position taken by the Trustee, and also find that Mr. Richardson represented the Trustee and the estate both professionally and competently. Unfortunately for the estate (and also for the ego of this Court) however, the final ruling by the First Circuit Court of Appeals was against the Trustee on all counts. Failure to ultimately prevail is a basis for reducing a fee request. *See, e.g., King v. Greenblatt,* 560 F.2d 1024 (1st Cir.1977), *cert. denied,* 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978); *In re Crawford Hardware, Inc.,* 82 B.R. 885 (Bankr.S.D.Ohio, 1987) ("Of those factors [factors governing fee applications], the result achieved has the greatest determinative weight." *Id.* at 887.) Even the Trustee, in his original fee application, recognized that the result obtained is a significant factor in determining a fee award, when he argued: "Although there are some minor funds in the Chapter 13 estate, if the litigation were unsuccessful, there is no question but that counsel would not have been compensated for the time and effort expended in the case. In fact, given the appeal which has been filed by the defendants, compensation is still not certain." (Trustee's Memorandum of Law, August 12, 1986, page 3.)

With these considerations and concessions in mind, we find that the $36,337.50 fee request should be reduced to $20,000, plus $497.97 in costs, for a total of $20,-497.97.