Boucher v. Edgcomb Metals Co.        CV-94-185-JD  10/24/95
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Richard Boucher

     v.                              Civil No. 94-185-JD

Edgcomb Metals Co., et al.


                          O R D E R


     The plaintiff has filed a motion appealing the magistrate

judge's award of expenses (document no. 46) to which the

defendant has objected (document no. 49).  As the court noted in

its final pretrial order dated August 28, 1995, counsel have

engaged in procedural bickering in this case which has done

little to advance the resolution of the case on the merits.

However, procedural bickering can often have consequences

attached to it.  The subject matter of this motion is an instance

of such bickering which the magistrate judge was called upon to

resolve.  The court will not consider matters raised by the

plaintiff in his appeal that were not presented to the magistrate

judge.

     The court finds that the facts underlying the current

dispute are accurately set forth in the magistrate judge's orders

dated April 12, 1995 (document no. 25, pp. 21-23), and August 7,

1995 (document no. 38, pp. 1-9), so there is no need to repeat

those facts.

Pursuant to Fed. R. Civ. P. 37(a)(4)(B), the magistrate judge on April 12, 1995, ordered the plaintiff to pay the defendant its costs, including reasonable attorneys' fees, incurred in opposing the plaintiff's motion to compel the appearance of a witness named Peter Ward in New Hampshire for a deposition. In accordance with the order, the defendant served the plaintiff with an itemization of costs (see Exhibit A attached to "Defendant's Reply to Plaintiff's Objection to Award of Costs and Amount Claimed" (document no. 30)) to which the plaintiff filed an objection (document no. 28). The magistrate judge overruled the plaintiff's objection in his order dated August 7, 1995, and ordered the plaintiff to pay the defendant the fees and costs outlined in exhibit A within twenty days. The plaintiff appeals the award of these expenses and the amount awarded. While the magistrate judge did not make an explicit finding that the fees and costs were reasonable, the court will infer such a finding from the fact that he ordered the fees and costs paid in accordance with the rule. Fed. R. Civ. P. 37(a)(4)(B).

In addition, pursuant to Fed. R. Civ. P. 37(d), the magistrate judge in his August 7, 1995, order granted the defendant's motion for sanctions (document no. 22) based on the plaintiff's failure to appear at his deposition on March 15, 1995

2

and awarded the defendant its costs associated with the aborted deposition. The defendant was ordered to serve the plaintiff and the court with an itemization of costs incurred in arranging the deposition, and the plaintiff was ordered either to pay those costs or file an objection to the amounts claimed within ten days of receipt of the itemization. The plaintiff appeals the magistrate's order granting the defendant's motion for sanctions and the amount awarded. The magistrate did not have an opportunity to rule on the reasonableness of the costs submitted by the defendant in connection with this sanction.

The court adopts the factual findings and legal rulings set forth in the magistrate judge's orders dated April 12, 1995 (document no. 25 at pp. 21-23), and August 7, 1995 (document no. 38 at pp. 1-9). The court also finds that the orders of the magistrate judge are not clearly erroneous or contrary to law except to the extent hereinafter provided. As the court stated in Mendez v. Banco Popular De Puerto Rico, 900 F.2d 4, 7 (1st Cir. 1990), "Rules are rules - and the parties must play by them." The court concurs with the findings of the magistrate judge that the plaintiff did not comply with the rules and that the defendant is entitled to the remedies allowed by the rules.

The court finds, however, that the magistrate judge's order concerning the reasonableness of defendant's expenses in

3

connection with the Peter Ward matter is clearly erroneous or contrary to law for the following reasons. In determining what constitutes a reasonable number of hours, the court is guided by "the timesheets submitted by counsel, adjusted according to the considerations in King v. Greenblatt, 560 F.2d 1024, 1026-27 (1st Cir. 1977) [cert. denied, 438 U.S. 916 (1978)], the arguments of the parties, and the sound discretion and experience of the court." Moholland v. Schweiker, 546 F. Supp. 383, 387 (D.N.H. 1982). "Typically, a court proceeds by `determin[ing] the number of hours actually spent and then subtract[ing] form that figure hours which were duplicative, unproductive, excessive, or otherwise unnecessary.'" United States v. Metropolitan Dist. Comm'n, 847 F.2d 12, 15 (1st Cir. 1988) (quoting Grendel's Den, Inc. v. Larken, 749 F.2d 945, 950 (1st Cir. 1984); see also Velazquez Hernandez v. Morales, 810 F. Supp. 25, 29 (D.P.R. 1992). "Courts `should ordinarily greet a claim that several lawyers were required to perform a single set of tasks with healthy skepticism." Pearson v. Fair, 980 F.2d 37, 47 (1st Cir. 1992) (quoting Lipsett v. Blanco, 975 F.2d 934, 938 (1st Cir. 1992)); Velazquez Hernandez, 810 F. Supp. at 28 (quoting Pearson, 980 F.2d at 47). A court may discount the time of two or more lawyers in a hearing or conference when one lawyer would be sufficient. Lipsett, 975 F.2d at 938; Hart v. Bourque, 798 F.2d

4

519, 523 (1st Cir. 1986); King, 560 F.2d at 1027. In addition, high hourly rates billed by law firms indicate particular expertise in the area, which should reduce the number of attorneys needed to litigate. Pearson, 985 F.2d at 47; Ackerley Communications of Mass., Inc. v. City of Somerville, 901 F.2d 170, 172 (1st Cir. 1990); Velazquez Hernandez, 810 F. Supp. at 28.

The court has reviewed the time sheets submitted by the defendant in light of the considerations referred to in King, supra. The defendant's objection (document no. 19) to the plaintiff's motion to compel (document no. 18) consists of seven pages accompanied by several exhibits. The legal and factual issues addressed are not complex. The defendant has submitted attorneys' fees in the amount of $3,181.50 representing 19.3 hours of attorney time. In the opinion of the court, reimbursement for 19.3 hours of attorney time would be excessive given the uncomplicated subject matter of the objection that was filed. It was not necessary for three lawyers to address this single task. Indeed, the high hourly rate billed by Mr. Dabrow is indicative of his expertise, a fact which militates against the need to have several other lawyers involved in a relatively uncomplicated matter. Therefore, taking into account the aforementioned considerations, the court finds that the amount of

5

submitted by the defendant for attorneys' fees should be reduced by 50%. The court finds that the defendant is entitled to reasonable attorneys' fees in connection with the Peter Ward matter in the amount of $1,590.75 together with reasonable expenses of $136.61.

The defendant also seeks to recover $4,175.00 in attorneys' fees and $1,879.40 for expenses under the magistrate judge's sanction order dated August 7, 1995, due to the failure of the plaintiff to appear at his deposition on March 15, 1995. The court must determine whether these fees and expenses are reasonable, informed by the considerations set forth in King, supra.

An itemization of these claims is set forth in document no. 45. The court finds that it is unreasonable for the defendant to request reimbursement for the fees and expenses of two attorneys who travelled to New Hampshire for the deposition. This is a matter which could readily have been handled by one attorney. The court also finds that the amount of attorney time charged for researching, writing and conferring about the motion for sanctions, together with the accompanying memorandum, is unreasonable given the fact that the subject matter of the motion was neither legally nor factually complex. Therefore, the defendant is ordered to resubmit its claims for fees and

6

expenses, adjusted downward in light of the foregoing findings, by November 3, 1995. Plaintiff shall have until November 10, 1995, to file any objection.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

October 24, 1995

cc:   James W. Donchess, Esquire
      Thomas B.S. Quarles Jr., Esquire
      Allan M. Dabrow, Esquire