## In re NARRAGANSETT CLOTHING COMPANY, Debtor.

### Bankruptcy No. 90–10149.

United States Bankruptcy Court,
D. Rhode Island.

Oct. 3, 1996.

Joseph DiOrio, Providence, RI, for Unsecured Creditors' Committee.

Sheryl Serreze, Office of the U.S. Trustee, Providence, RI.

### ORDER SETTING COMPENSATION AND COMPELLING DISGORGEMENT

ARTHUR·N. VOTOLATO, Bankruptcy Judge.

Before the Court is the final fee application of the Chapter 11 Trustee, Joseph B. Garb, who requests total compensation of $555,175 and expenses of $7,934.57 in what has been previously described as "this liquidating and professionally beleaguered Chapter 11 case." *In re Narragansett Clothing Co.*, 160 B.R. 477, 478 (Bankr.D.R.I.1993). The Unsecured Creditors' Committee and the United States Trustee object to the application.

■ The applicant has previously received compensation, *on account*, in the amount of $400,000, and reimbursement of $7,511 in expenses, and points out that his maximum statutory commission under 11 U.S.C. § 326 would be $557,062.[1] The Trustee calculates his request by multiplying 2,220.7 hours at the rate of $250 per hour, across the board, with no adjustments for the type of service being rendered.[2] We have already written extensively on fee requests in this case, and in 1993, Mr. Garb's maximum hourly rate was set at $160. *See id.* at 483; *see also In re Narragansett Clothing Co.*, 175 B.R. 820 (Bankr.D.R.I.1995). He does not address this in the instant application. Suffice it to say that nothing has changed since our earlier fee decision(s), and that we agree with,

Whitton Norris, Boston, MA, for Chapter 11 trustee.

1. That § 326 establishes *only* maximum compensation, and creates no entitlement to a commission in that amount, was settled ten years ago in *In re Roco Corp.*, 64 B.R. 499 (D.R.I.1986) ("11 U.S.C. § 326(a) (1978) capped the fees which could be awarded to a trustee for his services in such capacity, but created no entitlement to a commission in that amount. There is nothing in the statute, in its legislative history, or in the relevant caselaw for that matter, which suggests an opposite conclusion.")

2. In earlier requests for compensation Mr. Garb has argued, in justifying large blocks of time to accomplish certain easy tasks, that "since he is a one-man office, he has to do everything himself." Mr. Garb's choice to cut office and personnel overhead by doing everything himself is hardly a reason to charge creditors for ministerial and clerical work at his regular hourly rates. The degree of difficulty of the work performed has a significant bearing on the applicable hourly rate, regardless of who does the work.

adopt, and incorporate by reference herein the positions of the Objectors. (See Exhibits A and B.) Accordingly, Mr. Garb's request for compensation in the amount of $555,175 is DENIED, and he is allowed final and full compensation in the amount $347,936.

■ To arrive at this precise number, since most of the services were rendered circa 1993, we multiplied 2,174.6 hours by $160 per hour. *See Narragansett,* 160 B.R. at 483. Giving Mr. Garb the benefit of many doubts and close calls, his time has been reduced by a mere 45.4 hours, simply because he has not provided *any* time entries for these hours. We make this modest (time only) adjustment to the request, notwithstanding the fact that the benefit to the estate of many of Mr. Garb's services are subject to serious question. *See Narragansett,* 160 B.R. at 484. We have also taken into account the First Circuit guidance regarding application of the lodestar and the *Johnson* criteria. *See King v. Greenblatt,* 560 F.2d 1024 (1st Cir.1977), *cert. denied* 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978) (adopting the factors set forth in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir.1974); *Furtado v. Bishop,* 635 F.2d 915 (1st Cir.1980); *In re Swansea Consol. Resources, Inc.,* 155 B.R. 28 (Bankr. D.R.I.1993); *In re Almacs, Inc.,* 178 B.R. 598 (Bankr.D.R.I.1995). In additional deference to Mr. Garb, we make no order regarding interest on the amount being disgorged, even though he has had the use of that money since March 26, 1992. This translates approximately into an additional $11,600.

Because he has already received $400,000, Mr. Garb must disgorge the overpayment of $52,064, to himself as Trustee, for distribution to creditors, and it is so ORDERED.[3] Any delay by Mr. Garb in accomplishing the final distribution will cause us to reconsider our Order regarding interest.

Enter Judgment consistent with this order.

---

3. On September 11, 1996, we granted the United States Trustee's Motion to Compel the Trustee to file an amended order of distribution and final

## EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re: NARRAGANSETT CLOTHING COMPANY, Debtor.

Chapter 11

Case No. 90–10149–ANV

*UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION FOR COMPENSATION OF JOSEPH B. GARB AS POST CONFIRMATION TRUSTEE AND REQUEST FOR ORDER COMPELLING TRUSTEE TO FILE AMENDED PROPOSED DISTRIBUTION AND TO DISTRIBUTE FUNDS*

Pursuant to 28 U.S.C. § 586(a)(3)(A), 11 U.S.C. §§ 307, 330, 704, 1106 and 1129(a)(4) and Local Rule 25, the United States Trustee objects to the request for compensation ("Application") dated June 20, 1996, of Joseph B. Garb the former Chapter 11 Trustee and current post confirmation trustee of the above captioned Debtor and requests this Court enter an order compelling the Trustee to file an amended proposed distribution and to distribute funds. In support, the United States Trustee says:

*A. FEE OBJECTION*

1. On November 8, 1993, this Court issued its decision and order relevant to Garb's Second Interim Application for services rendered between January 1, 1992 and February 26, 1993.

2. The decision indicated that Garb's blended rate for purposes of awarding his fees under a load star analysis should be $160.00 per hour. Based on interim awards totalling $407,511.00 the Court declined to award further fees at that time.

3. The Second Application sought compensation for 2,174.6 hours. Based on the Court's load star rate for Garb he would have therefore been entitled to $347,936.00 in compensation if all of Garb's time were allowed

---

report. In light of our findings herein, these new numbers should be included in the Trustee's distribution order and report.

as reasonable. Therefore, under the Court's decision, Garb as of that point had already been over compensated $59,575.00.

4. The instant Application requests compensation for 2,220.7 hours, that is 45.4 hours in addition to the fee requested in the Second Application. The instant application however fails to include contemporaneous time records. The United States Trustee objects to the Application as he is unable to determine whether the time spent was reasonable and necessary. *See* Local Rule 25(A)(3)(ii).

5. Absent further documentation by Garb, the instant fee request must be reduced consistent with this Court's decision of November 8, 1993, and a final fee award entered.

### B. *OTHER RELIEF*

6. The instant Application includes a proposed distribution. The Trustee is treating this confirmed Chapter 11 case as a Chapter 7 case for purposes of distribution. The proposed distribution includes Garb's fee request of $129,236.00.

7. Garb has certified that the case has been fully administered. *See* Application at ¶ 9. Therefore, after final fee awards, there is no reason to delay distribution to creditors. Garb remains vested with the duties of a Trustee serving under sections 1106 or 704. *See* Disclosure Statement at p. 12, ¶ E. The United States Trustee, requests the Court order Garb to file an amended proposed distribution with the Court, the United States Trustee and the Official Committee of Unsecured Creditors within fourteen days of this Court's decision regarding final fee allowances in this case.

8. Pursuant to Article 13, ¶ D of the confirmed plan this Court has retained jurisdiction of this confirmed case "[t]o enforce the payments of any amounts payable under the provisions of this Plan." In order to insure prompt distribution in this case, the Court should require Garb to effectuate distribution within fourteen days following approval of the United States Trustee and Creditor's Committee counsel of the proposed distribution. ·

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order: i) allowing the fee request of Joseph B. Garb consistent with its decision of November 8, 1993; ii) compelling Garb to file an amended proposed distribution within fourteen days; iii) compelling Garb to effectuate distribution within fourteen days after approval of the United States Trustee and Creditor's Committee counsel of his proposed distribution and iv) for such other relief as justice demands.

Dated: 8/7/96

### EXHIBIT B

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

In Re: NARRAGANSETT CLOTHING COMPANY

Case No. 90–10149–ANV

Chapter 11

COMMITTEE'S OBJECTION TO CHAPTER 11 TRUSTEE'S/POST–CONFIRMATION TRUSTEE'S FINAL REPORT AND APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

Now comes the Official Committee of Unsecured Creditors (the "Committee"), by and through its attorneys, and hereby objects to the Chapter 11 Trustee's/Post–Confirmation Trustee's Final Report and Application for Compensation and Reimbursement of Expenses ("Final Application"), filed in this case. In support hereof, the Committee states as follows:

1. This case commenced on February 5, 1990. Joseph B. Garb (the "Trustee") was appointed Chapter 11 Trustee shortly thereafter on April 4, 1990. This Court confirmed the Trustee's Third amended Plan of Reorganization on February 4, 1991, and pursuant thereto, authorized the Trustee to serve as post-confirmation trustee in this case.

2. The Trustee has advised the Committee that, for the period commencing on the date of his appointment and ending on February 26, 1993, he worked ap-

proximately 2,220 hours. In his application, the Trustee requests compensation at the rate of $250 per hour during this period in the aggregate amount of $555,175. He also seeks reimbursement for expenses in the amount of $7,934.57. The Trustee has advised the Committee that, subsequent to this period, he has expended approximately 100–150 hours for which he is not seeking compensation. To date, Mr. Garb has been paid the sum of $407,511.00 on account.

3. This Court has previously determined that Mr. Garb's fees will be calculated based on a blended rate of $160 per hour. *In re Narragansett Clothing Co.* 160 BR. 477 (Bankr.D.R.I., 1993).

4. Based on this Court's prior rulings in this case, and in light of Mr. Garb's decision not to seek compensation for 100 to 150 hours of work subsequent to February 26, 1996, the Committee submits that Mr. Garb has been sufficiently compensated for *all* of his work performed pre-confirmation and post-confirmation by his prior receipt of $407,511.00. No further compensation should be allowed.

5. The reduction of the amount of compensation paid to Mr. Garb will result in a greater final distribution to unsecured creditors. Also, counsel for the Committee will supplement their fee application to include work related to the Final Application in the immediate future. The Final Application should therefore be amended to reflect a greater distribution to unsecured creditors.

WHEREFORE, the Committee prays that Mr. Garb retain the sums previously paid to him on account as payment in full, that no further compensation be awarded to him, and that the distribution to unsecured creditors be modified accordingly.

Dated: July 23, 1996